■ VILLAGE OF NEWARK, Respondent, v PEPCO CONTRACTORS, INC., et al., Respondents. PEPCO CONTRACTORS, INC., et al., Third-Party Plaintiffs-Respondents, v UNITED STATES FIDELITY & GUARANTY COMPANY, Third-Party Defendant-Appellant. — Order and judgment unanimously reversed, with costs, and judgment granted to appellant, in accordance with the following memorandum: Summary judgment should have been granted declaring that United

States Fidelity & Guaranty Company (USF&G) is not required to defend and/or indemnify respondents in the action against them by the Village of Newark. The Village of Newark commenced an action seeking $175,000 in damages as a result of defective construction of a street and named as defendants, *inter alia,* Pepco, the contractor, and Perkins, Pepco's principal shareholder. USF&G refused to provide a defense in that action, claiming that the allegations in the complaint did not fall within the coverage of their general liability and two excess indemnity policies. Respondents concede that USF&G would not be obliged to defend if the action were only for breach of contract for faulty construction of the highway because the policies specifically exclude coverage for defects and damage to Pepco's work and work product. They contend, however, that the policies do not exclude liability under plaintiff's second cause of action, alleging that Perkins wrongfully induced plaintiff to enter into the contract, and the third cause of action, alleging that Pepco and Perkins negligently constructed the highway and failed to warn the project engineers of defects in the specifications. "While it is true that insurance companies have a broad and heavy duty to defend and must defend even where coverage of the claim against its insured is debatable (*International Paper Co. v Continental Cas. Co.,* 35 NY2d 322; *Green Bus Lines v Consolidated Mut. Ins. Co.,* 74 AD2d 136), the determination of the insurer's duty to defend must be drawn from the complaint (*Ruder & Finn v Seaboard Sur. Co.,* 52 NY2d 663)" (*Parkset Plumbing & Heating Corp. v Reliance Ins. Co.,* 87 AD2d 646, 647). Although the duty to defend extends to a cause of action in which facts are alleged within the coverage of the policy, an insured may not, by use of a "shotgun" allegation, create a duty to defend beyond that which was anticipated by the parties when they entered into the policy contract (see *Lionel Freedman, Inc. v Glens Falls Ins. Co.,* 27 NY2d 364, 369). The policies involved here specifically exclude coverage for damages to or arising from the work or work product of the insured and clearly indicate that the risk insured against is not faulty workmanship, but the possibility that the work product may cause injury other than to the product itself. "The coverage in question here is not designed to insure * * * against contractual liability resulting in economic loss because [the] work product causes damage to the party who contracted for its completion. To hold otherwise would constitute rewriting the policies so as to guarantee the insured's work product and negate completely the wording of the exclusionary clauses" (*Zandri Constr. Co. v Firemen's Ins. Co.,* 81 AD2d 106, 109, affd *sub nom. Zandri Constr. Co. v Stanley H. Calkins, Inc.,* 54 NY2d 999; see, also, *J.G.A. Constr. Corp. v Charter Oak Fire Ins. Co.,* 66 AD2d 315). The fact that the second and third causes of action are labeled "fraudulent inducement" and "negligence" does not change the fact that they seek damages for the cost of repairing the highway and thus are essentially the same as the first cause of action for breach of contract. There is no allegation of damage to other persons or property, the risk which was clearly contemplated for coverage (see *Parkset Plumbing & Heating Corp. v Reliance Ins. Co.,* 87 AD2d 646, *supra; Advanced Refrig. & Appliance Co. v Insurance Co.,* 42 AD2d 484). (Appeal from order and judgment of Supreme Court, Wayne County, Stiles, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.