■ ERIC ERWIG, Appellant, v EDWARD F. COOK AGENCY, INC., Respondent.—In an action to recover damages for the defendant's failure to recommend that the plaintiff obtain insurance coverage for underinsured motorists, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Cannavo, J.), dated October 26, 1989, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered December 14, 1989, which is in favor of the defendant and against the plaintiff.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

We are satisfied that no issues of material fact precluded the granting of summary judgment in the defendant's favor. There is no common-law duty of an insurance company or its agency to advise a client to procure coverage not already provided in the client's policy (see, Downey v Allstate Ins. Co., 638 F Supp 322, 323 [SD NY]; Callahan v American Motorists Ins. Co., 56 Misc 2d 734). Moreover, even if there is an issue of fact as to whether the defendant was an agent of the plaintiff's parents (under whose policy he was named), the issue is not material. While an insurance broker acting as an agent of its customer has a duty of reasonable care to the customer to obtain the requested coverage within a reasonable time after the request, or to inform the customer of the agent's inability to do so, the agent owes no continuing duty to advise, guide or direct the customer insured to obtain additional coverage (see, Blonsky v Allstate Ins. Co., 128 Misc 2d 981). The record establishes only that the plaintiff's mother inquired of the defendant whether she had good coverage for the plaintiff taking a car out of State. She made no specific request for coverage that would have provided protection in the event of an accident with an underinsured motorist. In the absence of a specific request, the defendant had no duty to recommend or

obtain that coverage. Harwood, J. P., Balletta, Rosenblatt and O'Brien, JJ., concur.