■ DONNA HARNISH, Individually and as Administratrix of the Estate of ANTON F. HARNISH, III, Deceased, Respondent, v JOSEPH J. NAPLES & ASSOCIATES, INC., Appellant.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. Defendant met its burden of establishing, by the submission of proof in evidentiary form, its entitlement to judgment as a matter of law. Defendant demonstrated that it strictly followed the clear and explicit instructions of the agent of its insured, who acted with the authority and consent of the insured, to direct cancellation of the insured's garage liability policy. Although the insured and his agent were aware that the 1972 Chevrolet Impala was covered under that policy, neither requested that defendant obtain replacement coverage for the Impala when the garage liability policy was cancelled. Under those circumstances,

defendant had no duty either to obtain replacement coverage for the Impala or to advise, guide and direct the insured to obtain coverage for that automobile upon cancellation of the garage liability policy *(see, Blonsky v Allstate Ins. Co.,* 128 Misc 2d 981, 984; *cf., Bulger v Tri-Town Agency,* 148 AD2d 44, 47, *lv dismissed* 75 NY2d 808; *Oathout v Johnson,* 88 AD2d 1010; *see generally,* 68 NY Jur 2d, Insurance, § 439).

Plaintiff failed to come forward with evidentiary proof in admissible form to "show facts sufficient to require a trial of any issue of fact" (CPLR 3212 [b]; *see, Zuckerman v City of New York,* 49 NY2d 557, 562). (Appeal from Order of Supreme Court, Erie County, Wolf, Jr., J.—Summary Judgment.) Present—Boomer, J. P., Pine, Lawton, Davis and Doerr, JJ.