■ FAYE ROGERS et al., Appellants, v CRAIG URBANKE, Doing Business as URBANKE INSURANCE, Respondent. [599 NYS2d 697] —Mercure, J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered June 9, 1992 in Madison County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiffs were involved in an automobile accident on August 29, 1989 during the term of an automobile insurance policy procured for plaintiffs by defendant, an insurance agent, from Excelsior Insurance Company. Unfortunately, the other vehicle had in effect minimal $10,000/$20,000 liability insurance coverage, which was insufficient to compensate for the personal injuries suffered by plaintiff Faye Rogers. Alleging that defendant was negligent in failing to advise plaintiffs of the importance of obtaining greater than "minimal" no-fault and underinsured motorist coverage, plaintiffs commenced this action. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiffs appeal.

We affirm. The uncontroverted evidence showed, and Supreme Court correctly found, that in May 1988 plaintiffs contacted defendant and requested a price quote on an automobile insurance policy that was "comparable" to their existing policy. In response, defendant gave a quote and then, at plaintiffs' request, issued the Excelsior policy, which, although not identical, was essentially comparable to the prior policy. In fact, the underinsured motorist coverage, of primary interest here, was superior to that previously in effect. The declarations page and insurance policy were mailed to plaintiffs following the issuance of the policy on May 31, 1988, and the policy was subsequently renewed without change for an additional one-year period effective January 5, 1989.

This evidentiary showing defeats plaintiffs' cause of action as a matter of law. Notably, plaintiffs had conclusive presump-

tive knowledge of the terms and limits of the Excelsior policy for over a year prior to the accident *(see, Metzger v Aetna Ins. Co.,* 227 NY 411, 416; *Wausau Underwriters Ins. Co. v St. Barnabas Hosp.,* 145 AD2d 314) and took no action to increase the coverage. Further, the coverage was essentially the same as that afforded under plaintiffs' prior policy and defendant had no duty to "advise, guide [or] direct" plaintiffs to obtain coverage other than that requested *(Harnish v Naples & Assocs.,* 181 AD2d 1012, 1013; *see, Erwig v Cook Agency,* 173 AD2d 439; *Blonsky v Allstate Ins. Co.,* 128 Misc 2d 981).

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, without costs.