■ CRAIG HJEMDAHL-MONSEN et al., Respondents, v NORMAN FAULKNER et al., Defendants, and H.E. COLWELL & SONS, INC., et al., Appellants. [611 NYS2d 309] —In an action, *inter alia,* to recover damages for negligence in the procurement of insurance coverage, the defendants H.E. Colwell & Sons, Inc.,

William C. Colwell, and Robert C. Colwell, Jr., appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered August 26, 1992, as denied their cross motion for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellants' cross motion is granted, the complaint is dismissed insofar as it is asserted against them, and the action against the remaining defendants is severed.

"While an insurance broker acting as an agent of its customer has a duty of reasonable care to the customer to obtain the requested coverage within a reasonable time after the request, or to inform the customer of the agent's inability to do so, the agent owes no continuing duty to advise, guide or direct the customer insured to obtain additional coverage (see, Blonsky v Allstate Ins. Co., 128 Misc 2d 981)" (Erwig v Cook Agency, 173 AD2d 439). The plaintiffs have failed to establish that they made a specific request of the appellants as to the amount of supplementary uninsured motorist coverage that they wanted to procure, or that the appellants made any specific representations as to the coverage obtained, which was the maximum amount required to be offered under Insurance Law § 3420 (f) (2) (see, Erwig v Cook Agency, supra, at 439-440; cf., Neil Plumbing & Heating Constr. Corp. v Providence Wash. Ins. Co., 125 AD2d 295). Nor have the plaintiffs established that the amount of supplementary uninsured motorist coverage that they now claim they wanted the appellants to procure for them was, in fact, available (see, American Motorists Ins. Co. v Salvatore, 102 AD2d 342). Thus the appellants are entitled to summary judgment on those causes of action asserted against them. Balletta, J. P., Miller, Lawrence and Goldstein, JJ., concur.