■ CONNIE WIED, Respondent, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Defendant, and KENNETH J. MARTIN, JR., Doing Business as KEN MARTIN ASSOCIATES, Appellant. [618 NYS2d 467] —Casey, J. Appeal from that part of an order of the Supreme Court (Connor, J.), entered July 28, 1993 in Columbia County, which denied defendant Kenneth J.

Martin, Jr.'s motion for summary judgment dismissing the second cause of action in the complaint.

Plaintiff was insured by defendant New York Central Mutual Fire Insurance Company (hereinafter NYCM) under an automobile liability policy which included, *inter alia,* $300,000 of general liability coverage and $25,000 of uninsured motorist coverage, and which had been procured through defendant Kenneth J. Martin, Jr., doing business as Ken Martin Associates. While covered, plaintiff was injured in an automobile accident with a third party who had minimum coverage of $10,000, which was paid to plaintiff. Plaintiff submitted a claim to NYCM pursuant to the uninsured motorist coverage provision in her insurance policy and ultimately received an additional payment of $25,000.

Subsequently, plaintiff commenced this action against both defendants. The second cause of action in the complaint alleged that Martin failed to advise plaintiff of the availability and low cost of supplementary uninsured motorist coverage and of the risks against which plaintiff would be protected, and failed to obtain suitable and adequate supplementary insurance on plaintiff's behalf. After answers had been filed by both defendants, Martin moved for summary judgment and plaintiff cross-moved for summary judgment. Supreme Court denied Martin's motion to dismiss plaintiff's second cause of action, relying on case law in other States which holds that an insurance agent/broker has an affirmative duty to advise an insurance customer of the availability of supplementary uninsured motorist coverage where a special relationship exists between the insurance agent/broker and the insurance customer. Martin appeals from the order entered on this decision.

In our view, plaintiff's second cause of action does not state a cognizable cause of action. No New York case has gone as far in this respect as the out-of-State cases relied on by Supreme Court. In New York, the duty owed by an insurance agent to an insurance customer is ordinarily defined by the nature of the request a customer makes to the agent *(see, Rogers v Urbanke,* 194 AD2d 1024; *Harnish v Naples & Assocs.,* 181 AD2d 1012, 1013). Under New York law, an insurance agent has a duty to the customer to obtain the requested coverage within a reasonable time after the request or to inform the customer of the agent's inability to do so, but the agent owes no continuing duty to advise, guide or direct the customer to obtain additional coverage *(Erwig v Cook Agency,* 173 AD2d 439). By her own statement, plaintiff never specifically requested supplementary underinsurance coverage

at the higher rate and, as has been noted, there is no affirmative duty on an insurance agent to obtain such coverage without a customer's request *(see, Downey v Allstate Ins. Co.,* 638 F Supp 322).

The out-of-State cases relied on by Supreme Court require the showing of a special relationship between the agent and the customer. No such special relationship has been shown by plaintiff here. All plaintiff has averred is that Martin "held himself out to me and to the general public as a professional insurance consultant, skilled in ascertaining the insurance needs of his clients and making appropriate recommendations as to insurance coverage". The averment falls short of alleging a special relationship. Plaintiff's second cause of action fails to state a cognizable cause of action under New York law and, therefore, Supreme Court erred in denying Martin's motion for summary judgment dismissing the second cause of action.

Mercure, J. P., Crew III and White, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant Kenneth J. Martin, Jr., by reversing so much thereof as denied said defendant's motion for summary judgment dismissing the second cause of action; motion granted to that extent and summary judgment awarded to said defendant dismissing the second cause of action; and, as so modified, affirmed.