■ BARCO AUTO LEASING CORPORATION, Respondent-Appellant, v ERROL MONTANO et al., Defendants and Third-Party Plaintiffs-Respondents. NELSON D. SHAHON, Third-Party Defendant-Appellant-Respondent. [627 NYS2d 705] —In an action, *inter alia,* to recover damages for the negligent failure to procure comprehensive automobile insurance, the defendant third-party defendant Nelson D. Shahon appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Kohn, J.), dated October 20, 1993, as, after a

nonjury trial, is in favor of the third-party plaintiffs and against him in the principal sum of $18,775, and the plaintiff Barco Auto Leasing Corporation cross appeals, as limited by its brief, from so much of the same judgment as dismissed its amended complaint insofar as it is asserted against Nelson D. Shahon.

Ordered that the judgment is modified, on the law, by (1) deleting the third decretal paragraph thereof and substituting therefor the following decretal paragraph: "ADJUDGED that the third-party complaint is dismissed insofar as it is asserted against Nelson D. Shahon", and (2) deleting from the fifth decretal paragraph the following words "and the defendants Errol Montano and Esranie Montano a/k/a Esranie Mangal"; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the defendant third-party defendant Nelson D. Shahon.

The appellant-respondent, an insurance broker, contends that the Supreme Court erred in finding that he breached a duty of care to the third-party plaintiffs Errol and Esranie Montano by failing to ensure that they obtained comprehensive fire and theft insurance in accordance with the requirements of their automobile lease. We agree. Under New York law, the duty owed by an insurance agent to an insurance customer is ordinarily defined by the nature of the request a customer makes to the agent *(see, Wied v New York Cent. Mut. Fire Ins. Co.,* 208 AD2d 1132). Although an insurance agent has a duty to the customer to obtain the requested coverage within a reasonable time after the request or to inform the customer of the agent's inability to do so, the agent owes no continuing duty to advise, guide, or direct the customer to obtain additional coverage *(Wied v New York Cent. Mut. Fire Ins. Co., supra; Hjemdahl-Monsen v Faulkner,* 204 AD2d 516; *Erwig v Cook Agency,* 173 AD2d 439). Here, the testimony presented at trial established that the third-party plaintiffs initially asked the appellant-respondent to procure "full coverage" for their leased vehicle, and that the parties understood "full coverage" to include comprehensive fire and theft insurance. However, the appellant-respondent's testimony, which the trial court found to be credible and candid, reveals that the third-party plaintiffs ultimately declined to purchase comprehensive insurance because they could not afford the premium for such coverage, and the application for insurance signed by Esranie Montano corroborates that only liability insurance was requested for the leased vehicle. Under

these circumstances, the appellant-respondent had no duty to direct the third-party plaintiffs to obtain additional coverage which they indicated that they could not afford, and which they did not order or pay for. Accordingly, the third-party complaint should be dismissed insofar as it is asserted against the appellant-respondent.

Contrary to the claim of the plaintiff, Barco Auto Leasing Corporation, the trial court properly determined that the appellant-respondent owed no duty to protect its interests under the lease by demanding that the third-party plaintiffs obtain the comprehensive insurance coverage required by the lease. Rosenblatt, J. P., Ritter, Pizzuto and Krausman, JJ., concur.