■ DEBORAH A. CHAIM et al., Appellants, v FREDERICK BENEDICT et al., Respondents. [628 NYS2d 356] —In an action, *inter alia,* to recover damages for negligence in the procurement of insurance coverage, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Colabella, J.), dated December 1, 1993, which granted the motion of the defendant Covenant Mutual Insurance Company and the cross motion of the defendants Frederick Benedict and Benedict & Cafagno Insurance Services for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Absent a specific request for coverage not already provided in a client's policy, there is no common-law duty of an insurance company or its agency to advise a client to procure additional coverage *(see, e.g., Downey v Allstate Ins. Co.,* 638 F Supp 322, 323; *Erwig v Cook Agency,* 173 AD2d 439; *Callahan v American Motorists Ins. Co.,* 56 Misc 2d 734). Moreover, while an insurance broker acting as an agent of its customer has a duty of reasonable care to the customer to obtain the requested coverage within a reasonable time after the request, or to inform the customer of the agent's inability to do so, the broker/agent owes no continuing duty to advise, guide, or direct the insured customer to obtain additional coverage *(see, e.g., Hjemdahl-Monsen v Faulkner,* 204 AD2d 516, 517; *Erwig v Cook Agency, supra; Blonsky v Allstate Ins. Co.,* 128 Misc 2d 981). Consequently, whether the defendant Benedict & Cafagno Insurance Services is an agent of the defendant insurer Covenant Mutual Insurance Company, as the defendants contend, or a broker, as the plaintiffs contend, the court properly granted summary judgment to the defendants.

The record establishes that in requesting an upgrade in their liability insurance coverage from $300,000 to $500,000 per occurrence, the plaintiffs asked for a "top of the line" policy and indicated that they wanted to be "fully covered." However, the plaintiffs made no specific request for underinsurance coverage, and the defendants thus had no duty to recommend or obtain that coverage. Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.