■ WORCESTER INSURANCE COMPANY, Plaintiff, v HEMPSTEAD FARMS FRUIT CORP., Doing Business as HEMPSTEAD FARMS, Defendant and Third-Party Plaintiff-Appellant. AARON GROBER AGENCY, Third-Party Defendant-Respondent. [633 NYS2d 66] —In an action to recover additional insurance premiums, the defendant third-party plaintiff appeals from an order of the Supreme Court, Nassau County (Collins, J.), entered July 1, 1994, which granted the third-party defendant's motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

In the main action the plaintiff, Worcester Insurance Company, sought to recover unpaid audit premiums from the defendant third-party plaintiff, Hempstead Farms Fruit Corp. (hereinafter Hempstead Farms). Hempstead Farms commenced a third-party action to recover any premiums it owed to the plaintiff, alleging that the third-party defendant, Aaron Grober Agency (hereinafter AGA), misrepresented that the insurance policies at issue were fixed premium policies.

In its motion for summary judgment, AGA made a prima facie showing that an independent insurance broker made the alleged misrepresentation and that there was no employer/employee or principal/agent relationship between it and the

independent insurance broker. AGA thus met its initial burden of demonstrating that there was no triable factual issue of its liability under the theory of respondeat superior for the additional premiums assessed under the "premium audit" provisions of the policies. The evidence submitted by Hempstead Farms on the motion, did not rebut AGA's prima facie entitlement to summary judgment *(see, e.g., Alvarez v Prospect Hosp., 68 NY2d 320; Zuckerman v City of New York, 49 NY2d 557, 562; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068)*.

AGA's entitlement to judgment as a matter of law was buttressed by the admissions of Hempstead Farms' president and bookkeeper that, although they had received copies of the policies at issue, they had not read them. The policies clearly provided for increases in Hempstead Farms' insurance premiums, subject to periodic audits showing increases in the corporation's business and sales. A party who enters into a written contract is bound by its stipulations and conditions whether or not he or she reads the contract. "Ignorance through negligence or inexcusable trustfulness will not relieve a party from his [or her] contract obligations" *(Metzger v Aetna Ins. Co., 227 NY 411, 416; see also, American Motorists Ins. Co. v Salvatore, 102 AD2d 342, 344-345; Rogers v Urbanke, 194 AD2d 1024)*. Balletta, J. P., Rosenblatt, Pizzuto, Joy and Altman, JJ., concur.