■ EMPIRE INDUSTRIAL CORP. et al., Appellants, v INSURANCE COMPANIES OF NORTH AMERICA, Defendant, and COVERAGE CONCEPTS, INC., Respondent. [641 NYS2d 345] —In an action, *inter alia,* to recover damages for negligence in the procurement of insurance coverage, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated January 31, 1995, as

granted the cross motion of the defendant Coverage Concepts, Inc., for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiffs' contention, the Supreme Court properly concluded that the defendant insurance broker had no duty to advise them of the availability of underinsured motorist coverage, or to obtain such coverage on their behalf. Under New York law, the duty owed by an insurance agent to an insurance customer is ordinarily defined by the nature of the request a customer makes to the agent (*see, Barco Auto Leasing Corp. v Montano,* 215 AD2d 617; *Wied v New York Cent. Mut. Fire Ins. Co.,* 208 AD2d 1132). Thus, absent a specific request for coverage not already provided in a client's insurance policy, neither an insurance company nor its agent has a common-law duty to advise a client to procure additional coverage (*see, Chaim v Benedict,* 216 AD2d 347; *Hjemdahl-Monsen v Faulkner,* 204 AD2d 516, 517). At bar, the plaintiffs assert that they asked the defendant to obtain the "best" available insurance coverage. However, since it is undisputed that the plaintiffs never requested underinsurance coverage, the defendant had no duty to recommend or procure that coverage (*see, e.g., Chaim v Benedict, supra; Wied v New York Cent. Mut. Fire Ins. Co., supra; Erwig v Cook Agency,* 173 AD2d 439). Balletta, J. P., Thompson, Santucci and Florio, JJ., concur.