■ RICHARD VIALE et al., Appellants, v ROYAL INSURANCE COMPANY et al., Respondents. [643 NYS2d 860] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendants' motions for summary judgment dismissing the complaint. We conclude that, contrary to plaintiff's contention, defendant Royal Insurance Company (Royal) established as a matter of law that it properly denied coverage based upon the policy exclusion for any "dishonest or criminal act by you, any of your partners, employees, directors, trustees, authorized representatives, or anyone to whom you entrust the property for any purpose * * * whether or not occurring during the hours of employment" (*see generally, Plaza 61 v North Riv. Ins. Co.,* 446 F Supp 1168, *affd* 588 F2d 822). The record establishes that, on the date of the alleged loss, plaintiffs had entrusted the operation of the business to Sam Tassone, a co-insured, who was either plaintiffs' employee or a contract vendee in possession of the premises.

Furthermore, defendants Dominick Falcone Agency, Inc., and Dominick Falcone, III, established as a matter of law that the policy was validly issued to Sam Tassone and that they breached no duty owed to plaintiffs (*see generally, Wied v New York Cent. Mut. Fire Ins. Co.,* 208 AD2d 1132). Plaintiffs failed to come forward with evidentiary proof in admissible form to "show facts sufficient to require a trial of any issue of fact" (CPLR 3212 [b]; *see, Zuckerman v City of New York,* 49 NY2d 557, 562). Thus, the court properly granted summary judgment dismissing the complaint insofar as it alleges a breach of contract cause of action. Additionally, we conclude that the court properly granted summary judgment dismissing the complaint insofar as it purports to allege a cause of action sounding in tort (*see, Sommer v Federal Signal Corp.,* 79 NY2d 540, 550-552; *see also, Pavia v State Farm Mut. Auto. Ins. Co.,* 82 NY2d 445, 452, *rearg denied* 83 NY2d 779).

Plaintiffs have not pursued in their brief the contention advanced in their motion papers in Supreme Court that they were entitled to summary judgment. We therefore deem that issue abandoned (*see, Ciesinski v Town of Aurora,* 202 AD2d 984). In light of our determination, we do not address the remaining contentions advanced by the parties. (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.— Summary Judgment.) Present—Pine, J. P., Fallon, Callahan, Doerr and Davis, JJ.