■ YOGESH K. MADHVANI, Respondent, v THOMAS L. SHEEHAN, Doing Business as SHEEHAN AGENCY, Appellant. [650

NYS2d 490] —Spain, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Gurahian, J.H.O.), entered June 6, 1995 in Westchester County, upon a decision of the court in favor of plaintiff.

In September 1989 plaintiff's automobile insurance was canceled due to numerous accidents and violations. Plaintiff's business insurance agent referred him to defendant, an insurance broker, to purchase automobile insurance. Plaintiff secured coverage through defendant for his two cars, a 1984 Mercedes 300 sedan and a 1988 Austin Rover sedan, from the assigned risk pool from State Farm Insurance Company; a standard one-year policy was issued effective September 2, 1989. State Farm sent plaintiff a declaration page dated October 6, 1989 which stated that physical damage limits, including theft, for each vehicle were the actual cash value up to $25,000.[1] It is uncontroverted that plaintiff's policy was renewed in 1991 and 1992 without any further intervention on defendant's part, and further, upon billing by State Farm, plaintiff promptly tendered payment of premiums.

In early 1992 plaintiff requested quotes directly from defendant for insurance for a car he sought to purchase in the $40,000 to $50,000 price range. On February 21, 1992 plaintiff purchased a new 1992 Lexus for the total sum of $47,122 and coverage was placed through defendant. A fax copy of the Lexus' bill of sale was received by defendant two days after the coverage was placed; at no time did defendant inform plaintiff that plaintiff would need additional coverage for physical damages in excess of $25,000. In March 1992 a declaration page with the policy's limits was sent to plaintiff; plaintiff testified at trial that he did not recall receiving the document. On May 1, 1992 the Lexus was stolen. Thereafter, plaintiff contacted State Farm and learned that the car was only covered up to the limit of $25,000 for theft.

Plaintiff commenced this action against defendant for breach of contract and negligence for $25,000 in damages (the approximate value of the car [$50,000] minus the $25,000 limit which State Farm was obligated to cover). After a nonjury trial Supreme Court found that defendant as broker breached his duty to inform plaintiff that the Lexus was only insured for $25,000, and that plaintiff had the right to purchase excess insurance elsewhere for an additional premium. Plaintiff was awarded the $22,122 difference between the purchase price of

1. Plaintiff's two vehicles were each valued at less than $25,000.

$47,122 and the $25,000 coverage. However, Supreme Court found plaintiff 50% negligent for not reading the papers sent to him by State Farm and reduced plaintiff's judgment by one half to $11,061.[2] A judgment was entered from which defendant appeals.

We reverse. In our view, defendant's contentions that the evidence elicited at trial failed to establish that plaintiff made a specific request to purchase additional coverage beyond assigned risk coverage and that he owed no duty to plaintiff to offer additional coverage have merit. "[T]he duty owed by an insurance agent to an insurance customer is ordinarily defined by the nature of the request a customer makes to the agent" (*Empire Indus. Corp. v Insurance Cos.*, 226 AD2d 580, 581; *see, Barco Auto Leasing Corp. v Montano*, 215 AD2d 617; *Wied v New York Cent. Mut. Fire Ins. Co.*, 208 AD2d 1132). Further, " 'an insurance broker acting as an agent to its customer has a duty of reasonable care to the customer to obtain the requested coverage within a reasonable time after the request, or to inform the customer of the agent's inability to do so, the agent owes no continuing duty to advise, guide or direct the customer insured to obtain additional coverage' " (*Hjemdahl-Monsen v Faulkner*, 204 AD2d 516, 517, quoting *Erwig v Cook Agency*, 173 AD2d 439; *see, Chaim v Benedict*, 216 AD2d 347).

Although plaintiff testified that he wanted full coverage for the Lexus, defendant denies that such a request was made. Supreme Court, while noting that the parties' testimony was in conflict, never made a finding that the request was made, relying instead on its conclusion that defendant owed a duty to advise plaintiff of his right to purchase additional insurance instead of allowing coverage to remain at the assigned risk pool limit. The record also reveals that the parties had a three-year business relationship during which time plaintiff was unaware of any limit in his policy for physical damages. Plaintiff's initial policy was renewed on two separate occasions without any guidance or advice from defendant. Further, defendant was able to secure the same risk pool coverage for plaintiff's new car in a timely fashion. In our view, under the circumstances of this case, defendant had no duty to recommend or obtain additional coverage for plaintiff (*see, Hjemdahl-Monsen v Faulkner, supra*).

Moreover, once a declaration page and insurance policy has been received, it constitutes "conclusive presumptive knowl-

---

2. Supreme Court found that "plaintiff knew or should have known by virtue of the declaration that was sent" that coverage was limited to $25,000 despite plaintiff's assertion that he did not receive the declaration.

edge" of the terms and limits of a policy (*Rogers v Urbanke*, 194 AD2d 1024, 1024-1025). The declaration page with the policy's limits sent to plaintiff in early March 1992 afforded plaintiff an opportunity to review the policy limitations and request additional coverage. The policy had the exact limitations as those contained in the original 1989 policy and the two subsequent renewal policies. The final decision maker in a risk management situation is ultimately the insured who has the option to forego or obtain additional insurance coverage, which in this case would have required an additional premium.

Cardona, P. J., Mikoll, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, without costs, and complaint dismissed.