■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTS-BURGH, PA., Plaintiff, v FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, Formerly Known as SECURITY TITLE AND GUARANTY COMPANY, Defendant and Third-Party Plaintiff-Appellant-Respondent, et al., Defendant. FRENKEL & CO., Third-Party Defendant-Respondent-Appellant. [663 NYS2d 20] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered March 19, 1996, after a nonjury trial, dismissing third-party plaintiff insured's third-party complaint against third-party defendant insurance broker, unanimously affirmed, with costs. Cross appeal unanimously dismissed since third-party defendant is not an aggrieved party, without costs.

Based on the trial court's findings of fact (*see, Nightingale Rest. Corp. v Shak Food Corp.*, 155 AD2d 297, *lv denied* 76 NY2d 702) that the insured relied on its own risk manager to review all of its policies, and that the risk manager had long-term relationships with two other brokers and intended no further relationship with this broker other than the latter's ministerial act of cancelling many of the policies it had brokered for the insured's predecessor, the broker had no contractual obligation to inform the insured that its acquisition of the predecessor company automatically cancelled the subject policy (*cf., Madhvani v Sheehan*, 234 AD2d 652, 654-655, citing, *inter alia, Rogers v Urbanke*, 194 AD2d 1024, 1024-1025). The same or closely related findings that the insured's risk manager never inquired of the broker concerning the status of the policy, and, in any event, did not, and could not reasonably, rely on anything the broker said about its continued existence, dispose of the cause of action for negligent misrepresentation. Concur—Rosenberger, J. P., Wallach, Nardelli and Mazzarelli, JJ.