■ CHASE'S CIGAR STORE, INC., Appellant, v STAM AGENCY, INC., Respondent. [722 NYS2d 320] —Order unanimously affirmed

without costs. Memorandum: Plaintiff, the owner and operator of a retail store in the City of Syracuse, alleges that an agent of defendant insurance agency made an unsolicited call at plaintiff's store and offered to procure a business owners insurance policy for plaintiff. Plaintiff never requested any specific coverage, allegedly relying upon the expertise of defendant's agent. Thereafter, plaintiff agreed to a proposal that set forth the coverage to be provided by the policy. Plaintiff also executed a written application for insurance that did not include coverage for employee dishonesty. The business owners policy that was issued to plaintiff contained an exclusion for employee dishonesty. Thereafter, one of plaintiff's employees stole a large sum of money from plaintiff. When plaintiff learned that the insurance policy procured by defendant did not cover the loss, it commenced this action against defendant for breach of contract and breach of its duty to procure appropriate insurance coverage. Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint.

"In New York, the duty owed by an insurance agent to an insurance customer is ordinarily defined by the nature of the request a customer makes to the agent" (*Wied v New York Cent. Mut. Fire Ins. Co.,* 208 AD2d 1132, 1133). It is undisputed that plaintiff never requested that defendant obtain employee theft/dishonesty coverage. Because defendant obtained the insurance coverage that plaintiff requested, it fully discharged its duty to plaintiff (*see, Ambrosino v Exchange Ins. Co.,* 265 AD2d 627, 627-628).

While conceding that it never requested employee theft/dishonesty coverage, plaintiff nevertheless contends that defendant breached its agreement to review plaintiff's existing insurance policy and obtain appropriate business owners insurance coverage for plaintiff. We reject the contention of plaintiff that, under the circumstances presented here, it had a "special relationship" with defendant such that plaintiff was entitled to rely upon the representations of defendant's agent that the new policy was "a better policy" than plaintiff's existing policy (*see, Murphy v Kuhn,* 90 NY2d 266, 270-273; *Ambrosino v Exchange Ins. Co., supra,* at 628; *Wied v New York Cent. Mut. Fire Ins. Co., supra,* at 1133-1134).

In any event, once plaintiff received the declarations pages and insurance policy, it had "conclusive presumptive knowledge" of the terms and limits of the policy (*Rogers v Urbanke,* 194 AD2d 1024, 1024-1025; *see, Madhvani v Sheehan,* 234 AD2d 652, 654-655). Here, the declarations pages did not indicate that there was any optional coverage for employee

theft/dishonesty. In addition, the policy itself contained an exclusion for employee dishonesty and did not contain optional coverage for employee dishonesty. The declarations pages setting forth the policy's coverages and limits afforded plaintiff an opportunity to review the policy limits and request additional coverage if so desired (see, *Madhvani v Sheehan, supra,* at 655). "The final decision maker in a risk management situation is ultimately the insured who has the option to forego or obtain additional insurance coverage, which in this case would have required an additional premium" (*Madhvani v Sheehan, supra,* at 655). (Appeal from Order of Supreme Court, Onondaga County, Centra, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Lawton, JJ.