■ JOSEPH CATALANOTTO et al., Appellants-Respondents, v COMMERCIAL MUTUAL INSURANCE COMPANY et al., Defendants, and MARSHALL & STERLING, INC., Respondent-Appellant. [729 NYS2d 199] —Mercure, J. P. Cross appeals from a judgment of the Supreme Court (Leaman, J.), entered May 22, 2000 in Greene County, upon a decision of the court following a bifurcated trial in favor of plaintiffs on the issue of damages.

Plaintiffs, the owners of a seasonal residence with attached garage located in Greene County, sustained a property loss in the winter of 1993 when the roof of the garage collapsed due to the weight of accumulated snow and ice, causing damage to both the structure and its contents. It is undisputed that the insurance policy covering the property, which had been

procured through plaintiffs' insurance broker, defendant Marshall & Sterling, Inc. (hereinafter defendant), insured against only very limited risks and did not cover damage caused by snow and ice loads. Alleging defendant's negligence in failing to procure adequate insurance coverage for them, plaintiffs brought this action to recover the amount of their loss from defendant.

A jury trial was first conducted on the issue of liability. At the close of plaintiffs' proof, defendant moved for a directed verdict based upon plaintiffs' failure to present evidence of any specific request by plaintiffs that defendant procure coverage protecting against damage caused by the weight of snow and ice (see, Murphy v Kuhn, 90 NY2d 266; Madhvani v Sheehan, 234 AD2d 652). Supreme Court (Connor, J.) denied the motion and the jury ultimately rendered a verdict finding that defendant was "negligent in not procuring for the plaintiffs an insurance policy which provided for the peril of damage resulting from weight of the snow and ice," that such negligence was "a substantial factor in causing a loss to plaintiffs by failing to have coverage under their insurance policy," but that plaintiffs were also "negligent in not informing [defendant] as to what coverage they desired in regards to [sic] the damages they subsequently sustained resulting from weighted snow and ice," which negligence was a substantial factor in bringing about their loss. The jury apportioned liability 35% to defendant and 65% to plaintiffs.

Thereafter, the matter proceeded to trial on the issue of damages, conducted without a jury before Supreme Court (Leaman, J.) by stipulation of the parties. Supreme Court determined that, because of plaintiffs' failure to present evidence concerning the availability of the more comprehensive "form two" insurance to insure "the extensive and eclectic collection of artifacts stored by the plaintiffs in the subject garage" or, if available, the cost of such insurance, the record did not support an award for damage to the contents of the garage. Supreme Court established the damage to the structure at $70,000, reduced to $24,500 by reason of plaintiffs' proportionate culpability. Judgment was entered for that amount, together with interest, costs and disbursements. The parties cross-appeal.

As a threshold matter, we are unpersuaded by plaintiffs' contention that, by failing to perfect its appeal from an April 7, 1999 judgment for costs and disbursements to plaintiffs following the liability phase of the trial, defendant was somehow precluded from thereafter contesting the jury's verdict on the

issue of defendant's proportionate liability. Contrary to plaintiffs' assertion, as well as the language of the notice of appeal giving rise to it, the judgment entered April 7, 1999 was a mere money judgment. Further, had an interlocutory judgment or order been entered on the jury verdict, defendant's appeal from the final judgment entered May 22, 2000 would have brought it up for review (*see,* CPLR 5501 [a] [1]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5501:4, at 19), so long as an appeal from that interlocutory order or judgment had not been taken, abandoned, and thereafter dismissed on that basis (*see, Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750, 756-757).

On the merits, we agree with defendant's contention that Supreme Court (Connor, J.) erred in denying defendant's motion for a directed verdict at the close of plaintiffs' case. "Under New York law, an insurance agent has a duty to the customer to obtain the requested coverage within a reasonable time after the request or to inform the customer of the agent's inability to do so, but the agent owes no continuing duty to advise, guide or direct the customer to obtain additional coverage" (*Wied v New York Cent. Mut. Fire Ins. Co.,* 208 AD2d 1132, 1133 [citation omitted]; *see, Murphy v Kuhn,* 90 NY2d 266, 270, *supra; Madhvani v Sheehan,* 234 AD2d 652, 654, *supra; Empire Indus. Corp. v Insurance Cos.,* 226 AD2d 580, 581). In this case, it is undisputed that plaintiffs made no request for coverage protecting against damage caused by the weight of snow or ice. At best, plaintiffs made a generalized request that defendant "cover [them] on everything," the very kind of request that has been repeatedly held to be insufficient (*see, M & E Mfg. Co. v Frank H. Reis, Inc.,* 258 AD2d 9, 12 ["fully insured"]; *Madhvani v Sheehan, supra,* at 654 ["full coverage"]; *Empire Indus. Corp. v Insurance Cos., supra,* at 581 ["best available"]; *Erwig v Cook Agency,* 173 AD2d 439 ["good coverage"]).

Further, given plaintiffs' failure to satisfy the common-law standard, and in the absence of any evidence supporting a "special relationship" theory (*compare, Kimmell v Schaefer,* 89 NY2d 257, 260), we conclude that trial evidence concerning defendant's deviation from a purported industry standard of informing customers of the advisability of obtaining the "form two" coverage did not constitute prima facie evidence of negligence (*cf., AJ Contr. Co. v Trident Mgrs.,* 234 AD2d 195). In any event, uncontroverted trial evidence showed that plaintiffs received and reviewed the subject policy prior to the time of the collapse, thereby giving them "conclusive presump-

tive knowledge of the terms and limits of [the policy]" and defeating their action as a matter of law (*Rogers v Urbanke*, 194 AD2d 1024, 1024-1025).

The parties' remaining contentions need not be considered.

Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, with costs to defendant Marshall & Sterling, Inc., and complaint dismissed.