■ JKT CONSTRUCTION, INC., Doing Business as CORCON, Respondent, v UNITED STATES LIABILITY INSURANCE GROUP et al., Defendants, and DINGEGAR-SCHNEIDER REACCUGLIA AGENCY, INC., Appellant. [835 NYS2d 270]—

In an action for a judgment declaring that the defendant United States Liability Insurance Group has a duty to defend and indemnify the plaintiff in an underlying personal injury action entitled *Sullivan v G & L Building Corp. et al.*, pending in the Supreme Court, Suffolk County, under index No. 13922/02, or alternatively, to recover damages against the defendant Dingegar-Schneider Reaccuglia Agency, Inc., for negligence and/or breach of contract, the defendant Dingegar-Schneider Reaccuglia Agency, Inc., appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Martin, J.), entered January 13, 2006, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, and the motion for summary judgment dismissing the complaint insofar as asserted against the defendant Dingegar-Schneider Reaccuglia Agency, Inc., is granted.

An insurance agent or broker has a common-law duty to obtain requested coverage for a client within a reasonable amount of time or to inform the client of the inability to do so (*see Murphy v Kuhn*, 90 NY2d 266, 270 [1997]; *Loevner v Sullivan & Strauss Agency, Inc.*, 35 AD3d 392, 393 [2006], *lv denied* 8 NY3d 808 [2007]; *Reilly v Progressive Ins. Co.*, 288 AD2d 365 [2001]; *Chaim v Benedict*, 216 AD2d 347 [1995]). Absent a specific request for coverage not already in a client's policy, or the existence of a special relationship with the client, an insurance agent or broker has no continuing duty to advise, guide, or direct a client to obtain additional coverage (*see Murphy v Kuhn, supra* at 270-271; *Loevner v Sullivan & Strauss Agency, Inc.*, 35 AD3d 392, 393 [2006]; *Reilly v Progressive Ins. Co., supra* at 366).

Here, the appellant demonstrated its prima facie entitlement to summary judgment by presenting evidence that it procured

the specific insurance coverage the plaintiff requested, namely, a general liability policy (see *Empire Indus. Corp. v Insurance Cos. of N. Am.*, 226 AD2d 580, 581 [1996]). Moreover, the appellant also demonstrated that a specific exclusionary clause later sought by the plaintiff was not available at the time the policy was procured (see *Mott v New York Prop. Ins. Underwriting Assn.*, 209 AD2d 981 [1994]; *Hjemdahl-Monsen v Faulkner*, 204 AD2d 516, 517 [1994]; *Rodriguez v Investors Ins. Co. of Am.*, 201 AD2d 355, 356 [1994]; *MacDonald v Carpenter & Pelton*, 31 AD2d 952, 954 [1969]). Furthermore, there is no evidence that the appellant breached any duty to advise the plaintiff as to the insurance coverage (see *Murphy v Kuhn, supra* at 270-271; *cf. Reilly v Progressive Ins. Co., supra* at 366). The plaintiff failed to raise a triable issue of fact in opposition to the appellant's showing of its prima facie entitlement to judgment as a matter of law (see *Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]; *Gershman v Habib*, 37 AD3d 530 [2007]). Crane, J.P., Krausman, Covello and Carni, JJ., concur.