■ DENNIS S. HERSCH, Respondent, v DEWITT STERN GROUP, INC., Appellant. [841 NYS2d 516]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered February 21, 2007, which, to the extent appealed from, denied defendant's motion for summary judgment dismissing the complaint, modified, on the law, to grant the motion with respect to the third, fourth, fifth, sixth and seventh causes of action, and otherwise affirmed, without costs.

The court properly denied defendant's motion for summary judgment insofar as it sought dismissal of plaintiff's first two causes of action sounding, respectively, in negligence and breach of contract, and alleging that defendant, an insurance brokerage firm, failed to procure adequate insurance for plaintiff. There are triable issues as to whether plaintiff specifically requested additional coverage for the "additions and alter-

ations" to his cooperative apartment, which was damaged in a fire in November 2004 (*see Murphy v Kuhn*, 90 NY2d 266 [1997]). Although plaintiff admittedly received and read the policy procured by defendant brokerage, he was allegedly assured that the requested coverage had been obtained and he had "a right to look to the expertise of [his] broker with respect to insurance matters" (*Baseball Off. of Commr. v Marsh & McLennan*, 295 AD2d 73, 82 [2002]).

Plaintiff's cause of action for breach of fiduciary duty, however, should have been dismissed. Although the parties' relationship lasted a considerable period of time and defendant assured plaintiff that his insurance needs were being met, these circumstances are not so exceptional as to support imposition of a fiduciary duty upon defendant (*see Busker on Roof Ltd. Partnership Co. v Warrington*, 283 AD2d 376, 377 [2001]). Plaintiff's fourth through seventh causes of action, which are based on allegations that the existence of a contingent commission agreement between defendant and the company that issued the subject insurance policy should have been disclosed to him, should have been dismissed as well. Contingent commission agreements between brokers and insurers are not illegal (*see Amusement Bus. Underwriters v American Intl. Group*, 66 NY2d 878 [1985]), and, in the absence of a special relationship between the parties, defendant had no duty to disclose the existence of the contingent commission agreement (*see Wender v Gilberg Agency*, 304 AD2d 311, 311-312 [2003], *lv denied* 100 NY2d 507 [2003]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Andrias and Williams, JJ.

McGuire, J., concurs in part and dissents in part in a memorandum as follows: While I agree with much of the majority's disposition of this appeal, I disagree with its conclusion that Supreme Court properly denied those aspects of defendant's motion seeking summary judgment dismissing the first two causes of action. Accordingly, I respectfully dissent in part.

In 1992 plaintiff contacted defendant, an insurance broker, and requested that defendant procure insurance for, among other things, plaintiff's cooperative unit. Defendant procured a policy from nonparty Chubb & Son, Inc., which plaintiff signed and subsequently renewed. The policy contained a provision entitled "Additions and alterations" which stated that:

"We cover your building additions, alterations, fixtures, improvements, installations or items of real property that pertain to your unit. . . .

"For a covered loss to these items, we will pay up to 10% of the amount of contents coverage or any higher amount listed in the Coverage Summary for Additions and Alterations. The same payment basis applies to Additions and Alterations as to contents."

With respect to cooperative units, "Additions and alterations" coverage apparently includes such items as flooring, certain kinds of carpeting, curtains and painted walls. In order to obtain full insurance coverage of those items the insured must purchase an additions and alterations rider to the policy. Plaintiff did not purchase such a rider.

On November 5, 2004, a fire occurred in plaintiff's unit, causing extensive fire, smoke and water damage. Plaintiff submitted a claim to Chubb for the damage to the flooring, carpeting, curtains, painted walls and bookcases in the unit. Pursuant to the policy, Chubb paid plaintiff approximately 10% of the value specified in the policy of the "contents" of the unit. Plaintiff commenced this action against defendant asserting numerous causes of action seeking to recover the difference between the damage to the flooring, carpeting, curtains, painted walls and bookcases and the 10% payout issued by Chubb. The gravamen of plaintiff's first and second causes of action—negligence and breach of contract—is that defendant failed to procure insurance sufficient to cover the full value of such flooring, carpeting, curtains, painted walls and bookcases. Supreme Court denied defendant's motion for summary judgment dismissing the complaint and this appeal ensued.

"While an insurance broker acting as an agent of its customer has a duty of reasonable care to the customer to obtain the requested coverage within a reasonable time after the request, or to inform the customer of the agent's inability to do so, the agent owes no continuing duty to advise, guide or direct the customer insured to obtain additional coverage" (*Hjemdahl-Monsen v Faulkner*, 204 AD2d 516, 517 [1994] [internal quotation marks and citation omitted]; *see Murphy v Kuhn*, 90 NY2d 266, 270 [1997]). Further, the duty owed by an insurance broker to his or her customer is ordinarily defined by the nature of the request the customer makes to the broker (*Madhvani v Sheehan*, 234 AD2d 652, 654 [1996]; *see Chase's Cigar Store v Stam Agency*, 281 AD2d 911 [2001]). Therefore, in order to recover damages for negligence or breach of contract against a broker based on the broker's failure to procure a particular type of coverage, the plaintiff must demonstrate that he or she made a specific request to the broker for that coverage (*Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 7 NY3d 152, 158 [2006] ["A general

request for coverage will not satisfy the requirement of a specific request for a certain type of coverage"]; *see Catalanotto v Commercial Mut. Ins. Co.*, 285 AD2d 788, 790 [2001], *lv denied* 97 NY2d 604 [2001]). Defendant made a prima facie showing of entitlement to judgment as a matter of law dismissing plaintiff's causes of action to recover damages for negligence and breach of contract on the ground that plaintiff made no *specific* request for additional coverage protecting the flooring, carpeting, curtains, painted walls and bookcases in the unit. In support of its motion, defendant submitted the deposition testimony of plaintiff, who testified in general terms that he discussed with defendant "what the apartment consisted of, how it was furnished, what had been done to it, and the fact that [plaintiff] wanted to make sure [the unit] was properly insured." Plaintiff's testimony is bereft of any indication that he specifically requested coverage for the flooring, carpeting, curtains, painted walls and bookcases in the unit. At bottom, the evidence submitted by defendant established that plaintiff made a generalized request that defendant procure a policy that fully or completely insured the contents of the unit. Such a request is insufficient to impose liability on defendant for not procuring an additions and alterations rider (*see Hoffend*, 7 NY3d at 157; *Catalanotto*, 285 AD2d at 790; *see also MDW Enters. v CNA Ins. Co.*, 4 AD3d 338 [2004]; *Empire Indus. Corp. v Insurance Cos. of N. Am.*, 226 AD2d 580 [1996]; *Chaim v Benedict*, 216 AD2d 347 [1995]). In opposition, plaintiff failed to demonstrate the existence of a triable issue of fact regarding whether he made a specific request for coverage for the flooring, carpeting, curtains, painted walls and bookcases.

Since I agree with the majority that plaintiff's third through seventh causes of action should be dismissed, I would reverse the order and dismiss the complaint.