■ KAY BEE BUILDERS, INC., Appellant, v MERCHANT'S MUTUAL INSURANCE COMPANY et al., Defendants, and THOMAS M.

Kerr et al., Respondents. (And a Third-Party Action.) [877 NYS2d 390]—

In an action, inter alia, to recover damages for negligence in the procurement of insurance coverage, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Doyle, J.), dated December 18, 2007, which granted the motion of the defendants Thomas M. Kerr and the William Hentschel Agency, Inc., for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court entered April 9, 2008, which, upon the order, dismissed the complaint insofar as asserted against those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed, with one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff Kay Bee Builders, Inc., was hired to build a single-family home in Remsenberg, and subcontracted the roofing to the third-party defendant Maggio Construction, Inc. (hereinafter Maggio). When Maggio denied responsibility for problems with the roof after purportedly completing its work, the plaintiff repaired the faulty portion of the roof at an approximate cost of $140,000.

The plaintiff submitted a claim for the foregoing expense to the defendant insurers Merchant's Mutual Insurance Company and the Blue Ridge Insurance Company, and the defendant insurers denied the claim. The plaintiff commenced this action asserting a cause of action against each of the defendant insurers to recover damages for breach of contract, and causes of action against its insurance agency and agent, the respective defendants William G. Hentschel Agency, Inc., and Thomas M. Kerr (hereinafter together the Agents), to recover damages for negligence.

The Agents demonstrated their prima facie entitlement to summary judgment by presenting evidence that they obtained a general liability insurance policy which provided the specific insurance coverage that the plaintiff requested (*see JKT Constr., Inc. v United States Liab. Ins. Group*, 39 AD3d 594, 594-595

[2007]; *Fremont Realty, Inc. v P & N Iron Works, Inc.*, 39 AD3d 586, 587 [2007]; *Empire Indus. Corp. v Insurance Cos. of N. Am.*, 226 AD2d 580, 581 [1996]). In opposition to the Agents' prima facie showing, the plaintiff failed to raise an issue of fact that required the denial of summary judgment (*cf. Mid-Hudson Castle v P.J. Exteriors*, 292 AD2d 355 [2002]; *Village of Newark v Pepco Contrs.*, 99 AD2d 661 [1984], *affd* 62 NY2d 772 [1984]). The plaintiff also failed to establish that a special relationship existed with the Agents which would give rise to a claim for negligent misrepresentation (*see Murphy v Kuhn*, 90 NY2d 266, 270-271 [1997]; *Fremont Realty, Inc. v P & N Iron Works, Inc.*, 39 AD3d 586 [2007]). Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.