Martin Assoc., Inc. v Illinois Natl. Ins. Co. (2020 NY Slip Op 06860)





Martin Assoc., Inc. v Illinois Natl. Ins. Co.


2020 NY Slip Op 06860


Decided on November 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

Before: Acosta, P.J., Mazzarelli, Moulton, González, JJ. 


Index No. 42090/14E Appeal No. 12132-12132A Case No. 2019-03733 

[*1]Martin Associates, Inc., Plaintiff-Appellant,
v
Illinois National Insurance Company, et al., Defendants, T&H Brokers Inc., et al., Defendants-Respondents.


Weg and Myers, P.C., New York (Joshua L. Mallin of counsel), for appellant.
Gordon Rees Scully Mansukhani, LLP, New York (John T. Mills of counsel), for T&H Brokers, Inc., respondent.
L'Abbate, Balkan, Colavita & Contini, L.L.P., Garden City (James D. Spithogiannis of counsel), for Camacho Mauro Mulholland LLP, respondent.
Furman Kornfeld & Brennan LLP, New York (A. Michael Furman of counsel), for Rubin Fiorella & Friedman LLP and Denise A. Palmeri, respondents.



Order, Supreme Court, Bronx County (RubÉn Franco, J.), entered September 4, 2019, which, upon defendants' motions to dismiss, dismissed the claims against defendant T&H Brokers Inc. (T&H) for breach of contract, breach of fiduciary duty, and negligence, dismissed [*2]the claim against defendant Camacho Mauro Mulholland LLP (Camacho) for legal malpractice, and dismissed the claim against defendant Rubin, Fiorella & Friedman LLP (Rubin) for legal malpractice, unanimously modified, on the law, to the extent of reinstating the negligence claim against T&H, and otherwise affirmed, and order, same court and Justice, entered October 17, 2019, which clarified that the dismissal against Rubin includes defendant Denise Palmeri, unanimously affirmed, with costs.
The motion court properly dismissed the breach of contract claim against T&H due to plaintiff's failure to allege the presence of an express or implied contract. Plaintiff admits that there was no written contract between itself and T&H, and did not specifically allege that the parties were operating under an oral or implied arrangement. While plaintiff alleged that T&H had served as its insurance broker for approximately 12 years and that it had exclusively undertaken to provide notice to plaintiff's insurers of all claims, the allegations failed to set forth the specific terms of any such agreement or how it was breached (see Matter of Sud v Sud, 211 AD2d 423, 424 [1st Dept 1995]. The presence of a contract will only be found where the material terms are reasonably certain, which is not the case here (see Edelman v Poster, 72 AD3d 182, 184 [1st Dept 2010]).
The breach of fiduciary claim asserted against T&H was properly dismissed. Plaintiff did not oppose dismissal of the breach of fiduciary duty claim in opposition to T&H's motion to dismiss, and thus had abandoned this claim (see Saidin v Negron, 136 AD3d 458, 459 [1st Dept 2016], lv dismissed 28 NY3d 1069 [2016], cert denied US , 138 S Ct 108 [2017]). In any event, plaintiff has failed to allege the presence of a fiduciary relationship between itself and T&H (see Hersch v DeWitt Stern Group, Inc., 43 AD3d 644, 645 [1st Dept 2007]).
However, the negligence claim against T&H should not have been dismissed. Under ordinary circumstances, it is understood that "insurance brokers have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so" (Voss v Netherlands Ins. Co., 22 NY3d 728, 734 [2014] [internal quotation marks omitted]). Nevertheless, if an insured asks the broker to take on additional responsibilities above and beyond procuring specifically requested coverage, and the broker agrees to do so, a duty is created that the broker must execute with reasonable care (see Stevens v Hickey-Finn & Co., 261 AD2d 300 [1st Dept 1999]). Thus, we have held that a duty was imposed on a broker to notify the appropriate primary and excess carriers of a potential claim where there was "evidence that as a matter of routine [the insured] referred all questions regarding its insurance claims to [the broker] and [the broker] handled all [the insured]'s insurance needs, including referring its claims to insurers" (Abetta Boiler & Welding Serv., Inc. v American Intl. Specialty Lines Ins. Co., 76 AD3d 412, 413 [1st Dept 2010]). Here, plaintiff alleged that it and T&H had established a course of conduct whereby plaintiff would notify the latter of claims against it and T&H would inform the carriers, and that T&H acknowledged that plaintiff relied on it to carry out this function. Indeed, plaintiff alleges, in this case T&H affirmatively represented that it had placed both the primary and the excess carrier on notice. Accordingly, plaintiff has stated a cause of action for negligence predicated on T&H's alleged failure to advise the excess carrier of its potential exposure.
The legal malpractice claim asserted against Camacho, based on the alleged failure to inform plaintiff that it should notify its excess liability carrier, was properly dismissed on timeliness grounds. The three-year statute of limitations began to run, at the latest, on the date that Camacho stopped representing plaintiff on December 14, 2009, thus making the legal [*3]malpractice claim, asserted in January of 2014, untimely. (see AQ Asset Mgt., LLC v Levine, 119 AD3d 457, 463 [1st Dept 2014]). We decline to consider plaintiff's equitable tolling argument, which was raised for the first time on appeal (see Estreich v Jewish Home Lifecare, 178 AD3d 543, 544-545 [1st Dept 2019]).
The court also properly dismissed the legal malpractice claim against Rubin. The duty to provide timely notice to the excess insurance carrier had long since expired when Rubin was retained in December of 2009. Thus, plaintiff cannot establish the element of proximate causation necessary to proving its legal malpractice claim, because it cannot show that that if Rubin had provided notice to the excess carrier when it was retained, the carrier would not have denied coverage (see Reibman v Senie, 302 AD2d 290 [1st Dept 2003]). Nor did Rubin have the obligation to advise plaintiff of all potential malpractice claims against predecessor counsel when it was beyond the scope of its retention (see Keld v Giddins Claman, LLP, 170 AD3d 589 [1st Dept 2019])
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2020