JAMES F. GETTINS

*v.*

MOSES L. SCUDDER.

1. TRUSTEE—*negligence in selecting company in which to insure trust property.* Where a deed of trust gives the trustee full power to select the company or companies in which to insure the trust property, he will be required to exercise due care in the selection of good and solvent companies, but he will not be a guarantor of their solvency.

2. AGENCY — *liability for insuring property in company which fails.* An insurance agent, acting for a trustee in procuring an insurance on the trust property, who procures policies in companies which are solvent, or generally so considered and dealt with, and refuses to insure in the companies requested by the grantor, will not be liable to the grantor in an action for a loss, caused by the subsequent insolvency of the companies selected by him.

3. In such a case, where the agent told the grantor in the trust deed that he would insure in the company for which he was acting, and the grantor objected, and notified him that he would hold him responsible if he did, and the agent acting for the trustee insured in other companies, then reported solvent, in good faith: *Held,* that the agent could not be made liable for not insuring in the company first named by him.

APPEAL from the Superior Court of Cook county; the Hon. JOSIAH McROBERTS, Judge, presiding.

This was an action on the case, by James F. Gettins against Moses L. Scudder. The opinion of the court states the nature and facts of the case.

Messrs. MONROE, BISBEE & GIBBS, for the appellant.

Messrs. WILLIAMS & THOMPSON, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In the month of March, 1871, appellant, through Ogden, Sheldon & Scudder, procured a loan of $4000 from one Angel. To secure the payment of that sum, he executed a deed of trust for a house and lot he owned, on Clark street, in the city of Chicago, to Mahlon D. Ogden. At the time this was done, the house was insured for $4000, half of that amount in the Fulton, of New York, and the other half in the Independent, of Boston. These policies expired on the 9th of September, 1871. They were assigned to Ogden, the trustee, as further security for the payment of the loan.

The deed of trust contained a provision, that the trustee should keep the property insured, until the debt should be paid, in some good and responsible company or companies,

"the election of such insurance company or companies to be left to the option of said party of the second part, or his successors in trust." And in case of loss, the money received on the policy to be paid on the debt to Angel, and the premium paid to effect the insurance was made a charge on the property.

About the time these policies were expiring, appellant called on Scudder, and offered to place the insurance in some good company, but he refused to permit appellant to make the insurance, and informed him he could have nothing to do with it, but said he would put it in their own company, to which appellant replied that he would hold Scudder responsible.

Ogden, Sheldon & Scudder were the agents of the "Underwriters Insurance Company of New York," which appellant seems to have known. Appellant took no further steps to secure an insurance of the property. Appellee sent the surveyor of the Underwriters to examine the property, and ascertain the rates that should be charged. The rate was found to be two per cent for one year, or four per cent for three years. Thereupon appellee insured the property in the "Merchants" and "Germania," of Chicago, at two per cent for three years. It is not denied that, in effecting this insurance, appellee was acting for the trustee, Ogden. On the 9th of October, 1871, the house was destroyed by fire, and the insurance companies were not able to pay the loss, but appellant will be entitled to any dividend that may be declared in settling the affairs of the companies. On this state of facts appellant brought this suit, and on the trial in the court below the judge instructed the jury to find for the defendant, upon the ground that there was no evidence tending to establish a liability on the part of defendant. The jury found accordingly, and a judgment was rendered in bar of the action, from which this appeal is prosecuted.

Do the facts disclosed establish a liability? We think not. Appellant had conferred upon the trustee full power to select

the company or companies in which he was required to in-
sure the property. It therefore follows, that appellant had
no power to control his action in the matter. The trustee
was bound to insure, and had the exclusive right to select
the company, and appellant had no right to control his action
in the matter. He was bound, in the discharge of his duty,
to exercise due care in the selection of good and solvent com-
panies, but he was not bound, as guarantor, for their continued
solvency. If the companies were solvent, or even if they
were not in fact, but were generally considered as solvent, and
so dealt with, that would fully justify the trustee in their
selection. In this case there is no pretense that these com-
panies were not entirely solvent when the policies were pro-
cured, or that the trustee, through appellee, as his agent in
the matter, was guilty of any wrong in selecting the compa-
nies he did. There is, therefore, no ground of recovery for
negligence in effecting the insurance that was procured.

It is, however, urged, that appellee agreed to insure in the
"Underwriters," and that had he done so the amount of loss
would have been paid in full, and appellant would have sus-
tained no injury. We are unable to find that what passed be-
tween appellant and appellee amounted to an agreement. The
former protested against insuring in the "Underwriters," and
wished to insure in other and different companies. He, by
no means, acceded to the insurance being effected in that
company, but, on the contrary, protested against it. Had
appellee insured in the "Underwriters" at double the cost
that was paid for the policies, and no loss had occurred, we
presume appellant would not, when the premium was claimed
of him, have supposed it had been paid on an agreement, or
even by his consent. All that the conversation amounted to,
was a statement by appellee that he would insure in the
"Underwriters," and a positive and energetic objection on
the part of appellant, with a notice that he would hold appel-
lee responsible if he did. This left appellee free to retract,
and to select some other good and solvent companies, which

he did.    In this we fail to see that he has incurred the slightest liability.    Having acted for the trustee, with his sanction, in good faith and with reasonable prudence, in procuring the policies as he did, it was but the exercise of the power conferred on the trustee by the deed, and having exercised it in good faith and with due care, no reason is seen why he should be held liable to respond in damages.

Appellee may have shown the want of a disposition to accommodate appellant, or even to treat his views in the matter with any consideration, but in doing so he was but exercising the undoubted right conferred on the trustee for whom he was acting, and hence incurred no liability.    Appellant has met with a heavy loss, and it may be a misfortune that he intrusted so important a matter to the judgment and discretion of another, and there may be no doubt that his better judgment, as subsequent events have shown it was, would have saved him from the loss, still the misfortune has grown out of his delegating the power to another to determine for him.    We have been unable to find anything in the record impeaching the good faith of appellee in the transaction.

Nor does it alter the case that appellee and his firm were the agents of the "Underwriters'" company, inasmuch as appellant did not agree, and much less did he direct, that they should insure his property in that company.    Hence the authorities referred to, holding insurance agents and brokers liable for failing to insure according to agreement, do not apply in this case.    The cases differ essentially from this, and are not authority for its decision.

Perceiving no error in the record, the judgment of the court below must be affirmed.

*Judgment affirmed.*