- [No. 8828.   Department Two.   July 25, 1910.]

E. BECKMAN, *Appellant*, v. A. C. EDWARDS, *Respondent*.[1]

INSURANCE—INSOLVENCY OF COMPANY—LIABILITY OF AGENT.  An insurance agent is not liable to the insured by reason of placing and carrying insurance in an insolvent company, where the company was authorized to do business in this state and was solvent at the time the policy was issued, and remained so until after the agent no longer represented the company.

INSOLVENCY — EVIDENCE — SUFFICIENCY.  That an insurance company became insolvent nine months after a policy was issued, and in insurance reports its condition was rated as very weak, does not show that it was insolvent when the policy was issued.

FRAUDS, STATUTE OF—DEFAULT OF ANOTHER.  An insurance agent is not bound by oral statements of his employee, made after a policy was issued and not known to him, to the effect that an insurance company was solvent and that they would stand back of the policy if the company was not good.

Appeal from a judgment of the superior court for Spokane county, Hinkle, J., entered March 10, 1910, upon granting a nonsuit at the close of plaintiff's case, dismissing an action in tort, after a trial before the court and a jury.   Affirmed.

*Samuel R. Stern*, for appellant.

*Nuzum & Nuzum*, for respondent.

MOUNT, J.—Appellant brought this action to recover from the respondent the sum of $1,000, because of the alleged negligence of the respondent in insuring the appellant in an insolvent insurance company, and in permitting such insurance to remain in said insolvent company after the company had been placed in the hands of a receiver.   At the close of plaintiff's evidence, the trial court directed a nonsuit, and dismissed the action.   This appeal followed.

It appears that the respondent was an insurance agent, and in the year 1907, he represented the Pacific Mutual Fire In-

[1]Reported in 110 Pac. 6.

surance Company, a local company doing business in this
state.  In August, 1907, an employee of the respondent called
upon the appellant and solicited insurance upon a certain
stock of goods in Spokane.  The appellant applied for a
policy of insurance and it was issued.  The name of the com-
pany by which this policy was issued is not shown.  Soon after
the policy was issued, the same employee of the respondent
called again upon the appellant and took away the first policy
and left another, and said to the appellant: "You see the
policy is changed, but it is the same name put in the policy,
and we are back of it, and if the company is no good, we are
good for it," or words to that effect.  The policy was one is-
sued by the Pacific Mutual Fire Insurance Company for $1,-
000, on new and second-hand goods, in favor of the appellant.
This company was authorized by the insurance commissioner
of the state to transact the business of fire insurance in the
state until December 31, 1907, and a certificate was regularly
issued to that effect on January 2, 1907.  The policy in ques-
tion was issued on September 19, 1907.  On March 18, 1908,
the respondent resigned his agency for the company.  The
reason therefor does not appear.  On July 24, 1908, the in-
surance company was adjudged insolvent, and a receiver was
appointed therefor.  On August 3, 1908, the stock of goods
owned by the appellant and insured by the policy above re-
ferred to was damaged by fire, and it appears that the com-
pany refused to pay the loss.

It is not shown that the insurance company was insolvent
at the time the policy was issued, and there is no evidence that
the respondent knew, or should have known, that the com-
pany was insolvent at that time, except the mere fact that
some nine months after the policy was issued the company was
adjudged insolvent.  The appellant offered to introduce in
evidence certain copies of Best's Insurance Reports for 1908,
but the evidence shows that the respondent had not seen these
reports prior to the time the company was adjudged in-
solvent, and the reports did not show the insolvency of the

company.   They did, however, say that "the company's con-
dition is very weak."

While it is true that an agent may become liable to one in-
sured where the insurance is placed in a company known to be
insolvent or not authorized to do business in the state, no
such facts appear in this case.   The facts shown here are
that the company was both authorized to do business in the
state and was solvent at the time the policy was issued, and re-
mained so for nine months thereafter.   The authorities cited
by the appellant do not, therefore, apply to this case.   Where
an agent provides a policy in a company which is solvent or
generally considered so, he is not personally liable for a loss
which occurs when the company subsequently becomes insol-
vent.   *Gettins v. Scudder*, 71 Ill. 86.   It was not shown that
the respondent knew of the statements made by his employee
after the policy was issued, or that the employee was author-
ized to make such statements.   But if respondent did know
of such statements, they were made after the policy was
issued, and were not made as an inducement to the appellant
to take the policy, and the statements were not made in writ-
ing.   It is clear, therefore, that no liability was shown against
the respondent.

The judgment must be affirmed.

RUDKIN, C. J., CROW, PARKER, and DUNBAR, JJ., concur.