## Eastham v. Stumbo.

(Decided February 2, 1926.)

### Appeal from Floyd Circuit Court.

1. Evidence—Testimony as to What Witness Learned Concerning Insurance Company Held Hearsay.—Testimony of Witness that he found out that insurance company, in which plaintiff had a policy, was a fraud, that "just a man had some fake policies," held improperly received as hearsay.

2.  Evidence—Copy of Carbon Copy Not Admissible Without Prelimi-
    nary Showing.—While carbon copy is regarded as duplicate, a
    copy of a carbon copy may not be introduced in evidence, without
    proof that original is lost and copy correct.

3.  Trial—Proof of Mailing of Letter Makes Question for Jury, though
    Receipt Denied.—Proof that letter, properly stamped, and ad-
    dressed with proper notation for return to sender if not delivered,
    was deposited in post office, and not returned to sender, carries
    question of delivery to jury, though receipt is denied by ad-
    dressee.

4.  Trial—Instructions Should be Limited to Things Alleged.—Instruc-
    tions, setting out plaintiff's right to recover, should be limited to
    things alleged in petition.

5.  Insurance—Agent is Liable for Damages Resulting from Fraudu-
    lent Representations or from Negligent Failure to Effect Insur-
    ance.—An insurance agent is liable to applicant or insured for
    damages which result from agent's false and fraudulent represen-
    tations on which insured relies to his injury, or from a negligent
    failure to effect insurance contracted for.

6.  Insurance—Agent, Procuring Policy on Fraudulent Representa-
    tion Insurer was Solvent, is Liable for Fraud so Practiced.—An
    agent, who fraudulently represents the insurer to be solvent, when
    he knows it to be insolvent, and thereby procures the insured to
    take the policy, is liable for the fraud so practiced.

7.  Insurance—Insurance Agent, Acting for Accommodation of In-
    sured in Placing Insurance in Insolvent Company and Making no
    False Representations, is Not Liable.—Insurance agent, who acted
    merely for the accommodation of plaintiff in obtaining a fire policy,
    and not as agent of the insurer, and made no representations
    which he knew to be untrue, was not liable, irrespective of his
    knowledge of company's insolvency and lack of authority to do
    business.

JOHN L. SMITH and JOS. D. HARKINS for appellant.

WILLIAM DINGUS, W. H. LAYNE and A. T. PATRICK for ap-
pellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

Dr. Edward Stumbo held a policy in the American
Fire Underwriters' Company of Indiana, issued Decem-
ber 18, 1924, insuring in the sum of $1,300.00 certain per-
sonal property for a year. The property was destroyed
by fire on August 11, 1915, and on March 10, 1916, he
brought this action against the American Fire Under-
writers of Indiana, Paul Eastham and Charles Russell

& Company. Only Eastham was served with process and he filed answer. On the trial of the case there was a judgment for the plaintiff for the amount sued for, $1,300.00. Eastham appeals.

It was alleged in the petition in addition to the facts above stated that Eastham represented to plaintiff that at that time the policy was taken out the American Fire Underwriters were duly authorized to do business in Kentucky and also solvent and able to carry out its contracts, and that Eastham fraudulently induced plaintiff to become insured under the policy; that at the time the policy was written and delivered to him the company was insolvent and that it was also insolvent at the time of the fire, and Eastham knew long before the fire occurred that the company was insolvent, yet he fraudulently, with knowledge of the fact, failed to notify the plaintiff thereof or give him an opportunity to secure other insurance, and that by reason of the insolvency of the company and the fraudulent representations and negligence and knowledge of Eastham as to its insolvency and in failing to notify plaintiff of its condition, all of which Eastham well knew and plaintiff did not know, Eastham became liable to him in the sum of $1,300.00, the amount of damage caused by fire. The allegations of the petition were denied by answer.

The only proof offered by the plaintiff to show the insolvency of the company is in these words:

"Q. Did you ever get any information about Charles Russell?

By Mr. Harkins: The defendant objects.

By the court: Who is Charles Russell?

By Judge Patrick: He was manager of the Charles Russell Insurance Agency.

By the court: I will let him say whether he had had any information.

By Judge Patrick: I will ask you who told you about Russell?

By the witness: I found out that it was a fraud.

By Mr. Harkins: We move to exclude the answer.

By the court: Your motion is overruled.

By Mr. Harkins: We except.

By the witness: I also found out that it never had been an insurance company; just a man had some fake policies.

By Mr. Harkins: We move your honor to exclude the answer.

By the court: Your motion is overruled.

By Mr. Harkins: We except."

All of this was plainly hearsay and should have been excluded. The insolvency of the company must be shown by competent evidence. There was no competent evidence offered on the trial on this subject.

It was held in Davis, Agent v. Williams Bros. Construction Co., 207 Ky. 414, that a carbon copy of a letter is a duplicate and not a copy merely, and may be introduced in evidence without demand for the production of the original. On the other hand a copy of a carbon copy may not be introduced in evidence without proof that the original is lost and that the copy is correct. Where it is shown that a letter is deposited in the postoffice properly stamped and addressed, with the proper notation of return to the sender if not delivered, and it is not returned, this is sufficient evidence of the delivery of the letter to go to the jury, although its receipt by the person to whom it is sent is denied. Whether the letter was in fact sent or received is then a question for the jury.

The instructions of the court setting out the plaintiff's right to recover should be limited to the things alleged in the petition. There was no allegation in the petition that the American underwriters were not authorized to do business in the state of Kentucky, or that Eastham had no license permitting him to act as agent for them or that at the time the policy was written and delivered Eastham knew that the underwriters company was insolvent or had no right to transact business in Kentucky, and these matters should not have been submitted to the jury. Neither the allegations of the petition nor the proof are sufficient to sustain the instructions given in Vertress v. Head, 138 Ky. 83.

We have been referred to no authority holding an insurance agent liable to the policyholder where the company subsequently becomes insolvent and the agent fails to notify the policyholder of the insolvency of the company. We do not well see upon what legal principle such a duty would rest. This would require an agent to notify all those holding policies in the company through him, and would impose on him a duty not in the interests of the company, which might require of him action that would justly be deemed by the company a breech of his

duties to it. No man can serve two masters. The rule seems to go no further than the following:

> "But the agent is liable to the applicant or insured for damages which result from the agent's false and fraudulent representations on which insured relied to his injury or from his negligent failure to effect insurance as he has contracted to do." 32 C. J. 1084.

If the agent fraudulently represented the company to be solvent when he knew it to be insolvent, and thus procured the insured to take the policy he would be liable for the fraud so practiced.

The second instruction given the jury under which they were allowed to find for Eastham connects together several things with the word "and," some of which alone entitled Eastham to a verdict, and the word "or" should be substituted for the word "and" in this instruction, for under the instruction as it is written the jury was not authorized to find for Eastham although he informed the plaintiff that he was not the agent of the underwriters' company and had no authority to act for it, unless he did not know at the time that the company was insolvent and had no authority to do business in the state, and that he placed the insurance with the company as a mere act of accommodation. If he acted merely for the accommodation of the plaintiff and not as an agent of the company and made no representations which he knew to be untrue, he is not liable.

The facts shown by the defendant are that he purchased the insurance agency in September, 1915, and only did business for regular old line insurance companies. Dr. Stumbo then held two policies in two of these companies which were cancelled by the companies, and he then asked Eastham to procure for him other insurance. Eastham told him he couldn't put it in any regular company, but that there were some mutual companies that might take the risk, and procured for Stumbo, merely as an accommodation, the policy in the underwriters' company, received no pay for his services and had nothing to do with it except for the accommodation of Eastham. The company afterwards failed, but there is no evidence that it was insolvent at the time the policy was issued or that Eastham knew this.

Judgment reversed and cause remanded for a new trial.