OPINION OF THE COURT
Bentley Kassal, J.
*831 ISSUE
Is an insurance broker liable to the insured to provide a legal defense, as well as indemnification, if the broker improperly fails to maintain the requested insurance coverage?
Defendant moves, pursuant to CPLR 3211 (subd [a], par 7), to dismiss the complaint on the grounds that the action is premature and fails to state a cause of action.
Since the defendant has submitted no evidence in support of its motion, the motion must be treated as a common-law demurrer, assuming the truth of the allegations in the complaint and granting the plaintiff every favorable inference that may be drawn therefrom. (Westhill Exports v Pope, 12 NY2d 491.)
FACTS
In 1975, plaintiff, a domestic corporation apparently engaged in the apparel business, requested that the defendant, an insurance broker, obtain a special multiperil insurance policy for it including coverage for personal injury products liability claims. The defendant advised the plaintiff that a policy had been procured from Commercial Union Insurance Company ("Commercial”) but, when plaintiff was sued in New Jersey in a products liability case, Commercial disclaimed coverage, asserting that the policy had previously been canceled. Plaintiff alleges that it neither authorized the cancellation nor had any knowledge of it. As a result, the plaintiff commenced this action against the defendant seeking a declaratory judgment that the defendant is liable for counsel fees and expenses incurred in defending the New Jersey action and for any judgment that may be awarded therein against the plaintiff.
The defendant argues that this action should be dismissed as premature since no judgment has been rendered in the New Jersey action, despite the fact that plaintiff has already incurred certain legal expenses in defending the action.
LITIGATION INSURANCE — DUTY TO DEFEND
The Commerical policy that plaintiff obtained through the defendant was not merely "liability insurance” but included "litigation insurance”, as well. (International Paper Co. v Continental Cas. Co., 35 NY2d 322, 326.) Thus, whether or not the plaintiff may be subject to an adverse judgment in the *832 New Jersey action, Commercial would have been obliged to provide plaintiff with a legal defense as well as liability indemnification if the policy had not been canceled. The duty to defend is broader than the duty to pay. (Goldberg v Lumber Mut. Cas. Ins. Co. of N. Y., 297 NY 148; Grand Union Co. v General Acc., Fire & Life Assur. Corp., 254 App Div 274, affd 279 NY 638.)
Assuming, as alleged, that the defendant failed to properly maintain the policy or notify the plaintiff of its cancellation, the defendant would be liable to provide for plaintiff’s defense in the New Jersey action and to indemnify him for any judgment which would have been covered by the policy. Thus, the defendant bears the same liability as the insurer would bear had the policy been in force. (Joseph, Inc. v Alberti, Carleton & Co., 225 App Div 115, affd 251 NY 580; 16 Appleman, Insurance Law and Practice, §§ 8841, 8844.)
As stated in Appleman (Insurance Law and Practice, vol 16, § 8841, pp 514-515, 516) "If a broker or agent of the insured neglects to procure insurance, or does not follow instructions, or if the policy is void or materially defective, through the agent’s fault, he is liable to his principal for any loss he may have sustained thereby * * * such neglect or breach of duty will render him liable in damages, not exceeding the amount of insurance he was employed to effect * * * [Tjhe broker is liable to the same extent as the insurer would have been liable had the insurance been properly effected, and must pay the resulting loss.”
Similarly, "the broker or agency would be liable for a wrongful cancellation” (16 Appleman, Insurance Law and Practice, § 8844, 1979 Supp, p 230). Finally, "[w]here the broker failed to notify the insured of a cancellation of the policy, he may be held liable for the loss of the property. However, [he may not] recover more than he would have been able to recover from the insurance company.” (16 Appleman, § 8844, 1979 Supp, p 230.)
Thus, where an insurance policy would have provided for the defense of an action brought against the insured, a broker who improperly cancels the policy stands in the shoes of the insurer and bears the same obligation to defend. That obligation is triggered by the commencement of the action against the insured, not the judgment entered therein.
DECISION
As indicated above, the cause of action seeking declaratory *833 judgment as to the defendant’s obligation to reimburse plaintiff for legal expenses incurred in defending the New Jersey action is not premature and may be maintained even prior to any judgment in that action. (American Home Assur. Co. v Port Auth. of N. Y. & N. J., 66 AD2d 269.) Accordingly, there being a valid cause of action, the motion to dismiss the complaint is denied. (Griefer v Newman, 22 AD2d 696.)