OPINION OF THE COURT
Edward J. Greenfield, J.
The issue presented in this motion is whether an insurance broker owes a continuing duty to advise, guide and direct an insured’s coverage.
Defendant Samuel Feldman Brokerage Corp. (Feldman) moves for summary judgment pursuant to CPLR 3212 dismissing the complaint and cross claims against it.
Feldman had been plaintiff’s insurance broker from 1952 till 1980. Sometime prior to March 1980, Feldman obtained primary automobile insurance coverage from the Aetna Insurance Co. (Aetna) with a combined single limit of $300,000. Feldman also obtained an excess coverage policy (umbrella) for plaintiff with a limit of $1,000,000 from Aetna. The excess coverage policy required primary insurance with a minimum coverage of $250,000/500,000 for personal injury and $300,000 for personal injury and property damage.
*982 On March 22, 1980 plaintiff, without notifying Feldman, obtained primary, automobile insurance through defendant Dunn, an insurance broker, from defendant Allstate Insurance Company (Allstate), with a limit of $100,000. Plaintiff then canceled his primary insurance with Aetna. As a result of obtaining the Allstate policy, there was a deficiency or gap in coverage of $150,000. In January 1981, plaintiff was involved in an automobile accident. The plaintiff was sued and the action was settled by plaintiff for $600,000. Allstate paid $100,000 on its primary policy and Aetna paid $350,000 pursuant to its excess coverage policy limits leaving a deficiency of $150,000. Plaintiff then commenced this action and by an amended complaint sought, inter alla, $250,000 in damages against Feldman for negligence and malpractice.
It is well established that an essential element of negligence is the breach of a duty owed to the plaintiff by the defendant. But before a defendant may be held liable for negligence, it must be shown that the defendant owed a duty to the plaintiff (Pulka v Edelman, 40 NY2d 781, 782; Palsgraf v Long Is. R.R. Co., 248 NY 339, 342).
In opposition to the motion, plaintiff submits a brief affidavit in which he states that when he received Aetna’s renewal notice for the primary insurance coverage he went to see defendant Dunn and obtained primary coverage from defendant Allstate. Defendant Dunn kept the Aetna renewal notice and mailed it back to Feldman with an undated (preprinted form) cover letter which referred to the Aetna primary policy number and made no mention of the amount of coverage but merely stated “these coverages will now be written by the Allstate Insurance Company.” Without any reference to case law, plaintiff concludes that Feldman owed plaintiff “a duty upon receipt of the aforementioned letter *** to contact either myself or defendant Allstate to insure that my coverage had no gaps.”
Assuming that Feldman was plaintiff’s agent and not the agent of Aetna Insurance Co. (see, Gibbs v Home Ins. Co., 252 App Div 805, appeal dismissed 277 NY 529), an agent is required to exercise good faith, reasonable diligence and such skill as is ordinarily possessed by persons of common capacity engaged in the same business (Heinemann v Heard, 50 NY2d 27, 35; MacDonald v Carpenter & Pelton, 31 AD2d 952).
An insurance broker may be held liable for failing to obtain insurance coverage. Thus, an agent may be held liable for failing to follow his principal’s instructions in obtaining coverage (Israelson v Williams, 166 App Div 25); for failing to obtain *983 effective insurance coverage (Wings & Wheels Express v Sisak, 73 Misc 2d 846); or for failure to notify the insured of its inability to obtain coverage (Fleetwood Motors v James & Sons, 38 Misc 2d 499). (See generally, Liability of Insurance Broker or Agent to Insured for Failure to Procure Insurance, Ann., 64 ALR3d 398.)
There are cases that hold that a broker may be held liable for failing to “maintain” insurance coverage. In Duty and Liability of Insurance Broker or Agent to Insured with Respect to Procurement, Continuance, Terms, and Coverage of Insurance Policies (Ann., 29 ALR2d 171), that portion of the annotation dealing with a broker’s liability for failure to maintain a policy covers the following bases of liability, citing older cases and few in this jurisdiction: failure to renew policy; failure to pay premium; wrongful cancellation and failure to notify insured of cancellation. Erica Trading Corp. v Butwin Co. (100 Misc 2d 830), a case cited by codefendants for the proposition that Feldman had a duty to “maintain” plaintiff’s policy, holds that a broker may be held liable for improperly canceling an insurance policy without the consent and knowledge of the insured.
The foregoing cases fall into two categories: The broker failed to do an act required of him or committed a wrongful act. In the first category are cases involving failure to obtain insurance required, failure to renew a policy pursuant to an agreement to renew, failure to forward premiums to the insurer after the broker received them or failure to notify the insured that the policy had been canceled. In the second category are wrongful cancellation cases, such as Erica Trading (supra). However, these cases are not dependent on the status of the wrongdoer as an insurance broker so that an insured would be able to sue any party who wrongfully interfered with his contractual relations. It would thus appear that all of the1 reported cases that have come to this court’s attention have one unifying theme: an insurance broker, in his capacity as an insurance broker, may be sued only for failing to do what he is required to do.
In the context of determining the accrual of a cause of action for architect’s malpractice, the court in Sosnow v Paul (43 AD2d 978, affd 36 NY2d 780) held: “The rule in cases where the gravamen of the suit is professional malpractice is now and has always been that the cause of action accrues upon the performance of the work by the professional.”
In this action, plaintiff seeks to impose upon Feldman an ongoing duty extending beyond the time in which the broker did *984 or failed to do the acts required of him, i.e., place the insurance coverage.
Nothing in the foregoing cases or analysis leads this court to conclude that an insurance agent owes a continuing duty to advise, guide or direct an insured’s coverage after a broker has complied with his obligation to obtain insurance coverage on behalf of an insured. The logical extension of this position wo uld render any professional liable for an indefinite period of time after the treatment, representation or performance of the act requested was completed. Such an extension would render the Statute of Limitations meaningless.
Plaintiff’s reliance upon a “course of conduct” extending over 28 years is without merit. A similar argument was made and rejected in Kimball v Clinton County New Patrons Fire Relief Assn. (23 AD2d 519), where the plaintiff relied upon a “course of conduct” of over 30 years. There the plaintiff sued the insurance agent for failure to notify him of assessments and expiration of the policy. The court found that the policy did not contain a provision requiring a notice of expiration. The insured had the policy in his possession and if the insured “failed to remember that the policy expired at a certain time before the fire, it was his own negligence, and not defendant’s” (supra, at p 519, citing Holskin v Hurwitz, 211 App Div 731).
Even if such duty were recognized, plaintiff would not be entitled to proceed upon such theory since he indisputably chose to rely upon the advice, guidance and direction of another agent instead of continuing an ongoing relationship.
From the foregoing it follows that Feldman’s motion to dismiss the complaint must be granted. So much of the motion as seeks to dismiss the cross claims by defendants Allstate and Dunn is denied for failure to attach a copy of the pleadings containing the cross claims.