**Ron GORDON and Nucor Drilling, Inc., a Wyoming corporation, Appellants (Plaintiffs),**

v.

**SPECTRUM, INC., a Wyoming corporation; Mary Flaharity and Ed McCaffety; James Thurston; and Ramsgate Managing Insurance of Wyoming, Inc., a Wyoming corporation, Appellees (Defendants).**

No. 97–308.

Supreme Court of Wyoming.

May 28, 1999.

Mel C. Orchard, III of Meyer and Williams, Jackson, WY, Representing Appellant. Argument by Mr. Orchard.

Kathleen J. Doyle and Peter J. Young of Schwartz, Bon, Walker & Studer, LLC, Casper, WY, Representing Appellees (Broker). Argument by Ms. Doyle.

Timothy W. Miller of Reeves & Miller, Casper, WY, Representing Appellees (Agent). Argument by Mr. Miller.

Before LEHMAN, C.J., and MACY, GOLDEN, and TAYLOR,* JJ., and VOIGT, D.J.

LEHMAN, Chief Justice.

The primary issue on appeal is whether an insurance agent or broker has a duty to inform a client of its insurer's insolvency even after the client's policy expired. The client sued its agent and broker claiming the agent and broker were negligent by failing to inform the client that its insurer was insolvent. The client also alleged that the agent and broker were negligent in procuring the insurance policy with the insurer. The district court granted summary judgment for the agent and broker, finding they had no duty to inform the client of the insurer's insolvency. Because we agree that there is no duty and that the client did not create an issue of material fact of whether the agent and broker were negligent in procuring the insurance policy with the insurer, we affirm.

### *ISSUES*

Appellants Ron Gordon and Nucor Drilling, Inc. (Nucor) state the issues for review:

---

* Chief Justice at time of oral argument; retired     November 2, 1998.

1. Is an insurance agent or broker entitled to summary judgment where the agent or broker fails to inform a policyholder that an insurance company providing him coverage is insolvent[?]

2. Is an insurance agent or broker entitled to summary judgment where the agent or broker fails to inform a policyholder that the policyholder must file claims against his insurance company within a specified period[?]

3. Where an insurance broker or agent procures insurance from a company which is not admitted by the Wyoming Insurance Commission, and is unrated by standard insurance rating authorities, are the broker and agent entitled to summary judgment when there is evidence that a reasonable and prudent broker or agent would not have placed such insurance without the insured's informed consent to do so?

4. Are an insurance agent and broker entitled to summary judgment finding that Plaintiffs have no damage because Plaintiffs succeeded in negotiating a covenant not to execute against them as an alternative to financial ruin?

5. Is an insurance agent or broker entitled to summary judgment based upon matters considered by the trial court which were not pled or argued by the parties, and were factually incorrect?

Appellees Mary Flaharity, Ed McCaffety, and Ramsgate (hereinafter Broker) rephrase the issues:

1. Does an Insurance broker have a duty to inform a previous insured of the insolvency of its insurer nearly one year after the insured's policy expired and without any notice of a loss?

2. Does an insurance broker have a duty to inform a previous insured whose policy has expired of a deadline to file claims against its insolvent insurer, when the broker had no notice of a possible claim from the insured?

3. Is an insurance broker negligent for procuring insurance from a solvent surplus lines carrier in compliance with Wyoming Statute § 21–11–101, *et. seq.*, which later became insolvent?

4. Does an insurance broker have a duty to indemnify an insured who has suffered no damages, when the insured voluntarily stipulated to 100% liability and agreed not to contest the amount of damages awarded against it, after failing to inform its agent, broker or insurer of an occurrence under its policy five years earlier?

5. Can a trial judge base his decision granting summary judgment to appellees on any proper legal basis even if the parties did not argue that issue?

Appellees Jim Thurston and Spectrum (hereinafter agent) advance these issues:

1. Whether appellants are exempt from the requirement of proving damages.

2. Whether an insurance agent can be held liable for obtaining coverage from a solvent insurer.

3. Whether an insurance agent who is without notice of any potential claim has a continuing duty to advise an insured of an insurer's receivership after a liability policy has expired.

### FACTS

Nucor is a mineral exploration and extraction company. Because mineral exploration is a high risk business, Nucor's insurance agent had difficulty obtaining insurance for Nucor from a standard insurance carrier admitted in Wyoming. The agent worked with a broker who dealt primarily in excess and surplus line insurance to find insurance coverage for Nucor.[1] The agent and broker found insurance coverage for Nucor with Indemnity Underwriters Insurance Company (Indemnity Insurance), a surplus line carrier not admitted in Wyoming. Nucor purchased liability insurance from Indemnity Insurance on October 11, 1989.

---

**1.** The term surplus line insurance generally refers to insurance that cannot be procured from authorized insurers. Wyo. Stat. Ann. § 26–11–104(a) (Michie 1997). Surplus line insurance typically involves high risk coverage preventing the insured from using an ordinary admitted insurer. *Robertson v. California,* 328 U.S. 440, 450, n. 10, 66 S.Ct. 1160, 1166, n. 10, 90 L.Ed. 1366 (1946).

When procuring the insurance policy for Nucor with Indemnity Insurance, the broker, pursuant to Wyo. Stat. Ann. § 26–11–105 (Michie 1997), filed an Affidavit of Surplus Line Broker, noting that "no authorized carrier, transacting this kind and class of business, can be found."[2] Nucor's policies with Indemnity Insurance were effective from October 1989 until October 1992. In 1992, Nucor did not renew its policy with Indemnity Insurance, but instead sought coverage with the Bituminous Insurance Company. Indemnity Insurance, solvent at the time of Nucor's last renewal, subsequently became insolvent and was placed in receivership in 1993.

James Smith (Smith) was injured while working as an independent contractor for Nucor in May 1991. However, Smith did not act on his injury until 1995, when he brought a damage claim for his injuries against Nucor's employee Ron Gordon and Nucor. Nucor notified its insurance agent of Smith's lawsuit by sending copies of the Summons and Complaint on May 3, 1995, which the agent forwarded to the broker. The broker informed Nucor of Indemnity Insurance's insolvency on May 6, 1995. On May 22, 1995, Indemnity Insurance's receiver notified Nucor that it could not provide Nucor a defense in the Smith case. Nucor then contacted both its agent and broker asking to either be defended or indemnified. Both the agent and the broker denied Nucor's request, forcing Nucor to provide its own defense. Nucor settled the Smith case on April 29, 1996. The Settlement Agreement contained the following provisions: Gordon's admission of 100 percent fault for Smith's injuries; Nucor's acceptance of liability as Gordon's employer; Nucor's agreement not to contest damages; and a covenant from Smith not to execute against Gordon and Nucor. After the agreement, a hearing was held on the issue of damages, and the district court awarded Smith $1,323,560.

Nucor subsequently brought this suit, claiming its agent and broker: breached their duty by failing to inform Nucor that Indemnity Insurance was insolvent; failed to properly investigate the solvency of Indemnity Insurance before purchasing the policy; and breached their fiduciary duty. Nucor claims to have suffered three types of damages: attorney fees incurred while defending the Smith case; Gordon's mental distress; and the Smith judgment. Nucor also sought punitive damages. All of the parties moved for summary judgment. The trial court granted the agent's and broker's motion for summary judgment on September 3, 1997, stating that neither the agent nor the broker had a continuing duty to advise Nucor of Indemnity Insurance's insolvency and that Nucor had suffered no damages.

### STANDARD OF REVIEW

In reviewing a trial court's entry of summary judgment, we examine the record in the light most favorable to the nonmoving party, giving that party all reasonable inferences that can be fairly drawn from the record. *Shaw v. Smith*, 964 P.2d 428, 433 (Wyo.1998). Summary judgment is proper only when no genuine issues of material fact exist and the prevailing party is entitled to judgment as a matter of law. *Garcia v. Lawson*, 928 P.2d 1164, 1166 (Wyo.1996). A genuine issue of material fact is a disputed fact that, if proven, would establish or refute an essential element of a cause of action or a defense raised by the parties. *Thunder Hawk By and Through Jensen v. Union Pacific R.R. Co.*, 844 P.2d 1045, 1047 (Wyo. 1992). For a summary judgment motion to be successful, the movant must make a prima facie showing that no genuine issue of material fact exists. *Clark v. Industrial Co. of Steamboat Springs, Inc.,* 818 P.2d 626, 628 (Wyo.1991) (quoting *TZ Land & Cattle Co. v. Condict*, 795 P.2d 1204, 1208 (Wyo.1990)). The burden thereafter shifts to the opposing party to demonstrate the existence of a genu-

---

**2.** The purpose of the affidavit is to set forth facts to show that the insurance is eligible for export under Wyo. Stat. Ann. § 26–11–104 (Michie 1997). Export is permitted when insurance coverage cannot be obtained from an authorized insurer (i.e. "authorized" means an insurer au-

thorized by an existing certificate of authority issued by the commissioner to transact insurance in Wyoming. Wyo. Stat. Ann. § 26–1–102(a)(v) (Michie 1997)) and must be procured from an unauthorized insurer.

ine issue of material fact. *Weber v. McCoy,* 950 P.2d 548, 551 (Wyo.1997).

## DISCUSSION

### Continuing Duty

Nucor claims that the district court erred when it granted the agent's and broker's summary judgment motion on its continuing-duty claim. It is well established that an essential element of a negligence claim is the breach of a duty owed to the plaintiff by the defendant. *Turcq v. Shanahan,* 950 P.2d 47, 51 (Wyo.1997); *Daily v. Bone,* 906 P.2d 1039, 1043 (Wyo.1995). "The existence of duty is a question of law, making an absence of duty the surest route to summary judgment in negligence actions." *Id.* at 1043 (citing *Tidwell v. HOM, Inc.,* 896 P.2d 1322, 1325 (Wyo. 1995)). Consequently, to prevail on its negligence claim, Nucor must show that its agent and broker had a duty to notify it of Indemnity Insurance's insolvency even after the policy expired.

Wyoming recognizes that insurance agents have a general duty to act reasonably toward their insureds. If an agent fails to use reasonable care, the agent may be liable for negligence and any resulting damages. *Arrow Construction Co., Inc. v. Camp,* 827 P.2d 378, 381 (Wyo.1992); *Hursh Agency, Inc. v. Wigwam Homes, Inc.,* 664 P.2d 27, 32 (Wyo.1983). This court, however, has never addressed the issue of whether an agent or a broker has an ongoing duty to advise. Other jurisdictions have held that after an insurance agent or broker has secured insurance coverage for an insured, an agent or a broker has no continuing duty to advise, counsel, or direct the insured's coverage and generally has no affirmative duty to uncover or give advice regarding possible gaps in coverage. *See Blonsky v. Allstate Ins. Co.,* 128 Misc.2d 981, 491 N.Y.S.2d 895, 897–98 (N.Y.1985); *Gabrielson v. Warnemunde,* 443 N.W.2d 540, 542 (Minn.1989).

Despite that broad pronouncement, these courts recognize that an agent may have an increased duty to clients where a special relationship exists. *Blonsky v. Allstate Ins. Co.,* 491 N.Y.S.2d at 897; *Gabrielson v. Warnemunde,* 443 N.W.2d at 543–44;

*Louwagie v. State Farm Fire & Cas. Co.,* 397 N.W.2d 567, 569–70 (Minn.App.1986). No one set of factors has emerged from the courts on the elements of a special relationship, yet there is agreement that the ordinary agent-insured relationship is not sufficient to constitute a special relationship which raises the agent's duty to a higher level. *Gabrielson v. Warnemunde,* 443 N.W.2d at 543, 545; *Nelson v. Davidson,* 155 Wis.2d 674, 456 N.W.2d 343, 346–47 (1990). Nucor directs us to no evidence showing the existence of anything other than an ordinary agent-insured relationship with its agent. Absent a special relationship, Nucor has failed to show that a genuine issue of material fact exists.

Although courts are split on whether an agent or broker has a duty to inform a *current* client that its insurance company is insolvent, *Cateora v. British Atlantic Assurance, Ltd. of Nassau, Bahamas,* 282 F.Supp. 167, 174 (1968) (holding an agent had a duty to inform a current client of the insurer's insolvency); *Eastham v. Stumbo,* 212 Ky. 685, 279 S.W. 1109, 1110 (1926) (holding the agent not liable to the insured for failure to notify the client of the insurer's insolvency), the parties have referred us to no authority holding an insurance agent or broker liable to a *former* policyholder, where the company subsequently becomes insolvent and the agent fails to notify the former policyholder of the company's insolvency. We, likewise, find no authority suggesting such a duty extends to a former client.

Since Nucor purchased insurance coverage from a different agency in 1992 and Nucor's Indemnity Insurance policy had lapsed, Nucor was no longer a customer of its agent at the time Indemnity was placed into receivership. Therefore, when Indemnity Insurance became insolvent a year after Nucor discontinued its policy, neither Nucor's agent nor broker owed Nucor a duty to inform it of Indemnity Insurance's insolvency.

### Duty to Investigate

An agent or broker is required to use reasonable care, skill, and judgment, but

not act as a guarantor of the insurer's solvency or its financial condition. *Higginbotham & Associates, Inc. v. Greer,* 738 S.W.2d 45, 47 (Tex.App.1987); *Williams–Berryman, Inc. Co. v. Morphis,* 249 Ark. 786, 461 S.W.2d 577, 579–80 (1971).

> No broker shall knowingly place surplus line insurance with an insurer that is unsound financially or that is ineligible under this section. The broker shall ascertain the financial condition of the unauthorized insurer, to the extent that the financial condition is shown by the insurer's recent financial statements filed with public authority or published, or as otherwise known to the broker, before placing insurance with that insurer.

Wyo. Stat. Ann. § 26–11–107(a) (Michie 1997). Generally, an agent or broker will not be liable to the insured because of the insurance company's resulting insolvency unless the insured can prove that the agent or broker acted negligently by knowingly placing the policy with an insolvent carrier. *Sternoff Metals Corp. v. Vertecs Corp.,* 39 Wash.App. 333, 693 P.2d 175, 180 (1984); *accord Beckman v. Edwards,* 59 Wash. 411, 110 P. 6, 6 (1910); *Eastham v. Stumbo,* 279 S.W. at 1110; *Master Plumbers Ltd. Mut. Liability Co. v. Cormany & Bird, Inc.,* 79 Wis.2d 308, 255 N.W.2d 533, 535 (1977); *Couch on Insurance 2d* § 25:48 (Rev.1984).

■ Indemnity Insurance was solvent when Nucor's policy was issued and remained so until after Nucor's policy expired. From 1989 to 1992, the time Nucor's policy was in effect, Indemnity Insurance was qualified to do business in Texas, admitted in Oklahoma, and maintained sufficient capital and surplus to satisfy the statutory requirements of Wyo. Stat. Ann. § 26–11–107(b).[3] Nucor does not argue that Indemnity Insurance was insolvent at the time the policy was issued, and the record does not support the claim that either the agent or broker knew or should have known of Indemnity Insurance's financial problems when the insurance was

procured, or that either had or should have had such knowledge until Indemnity Insurance was declared insolvent. Nucor has failed to present evidence that would establish a material issue of fact on its claim that the agent and broker were negligent in obtaining the policy from Indemnity Insurance. Thus, the district court's grant of summary judgment on Nucor's duty-to-investigate claim was proper.

***Other Issues Raised***

Since the agent and broker owed no duty to notify Nucor of the insolvency, we need not address whether Nucor actually suffered damages or whether the trial court could base its decision to grant summary judgment on a legal basis not raised by the parties.

***CONCLUSION***

The agent and broker had no duty to notify Nucor of Indemnity Insurance's insolvency once Nucor's insurance policy terminated. Nucor presented no specific evidence from the record to create an issue of material fact whether the agent or broker acted negligently by knowingly procuring the policy with a financially unsound carrier. Because no genuine issues of material fact exist and the agent and broker are entitled to summary judgment as a matter of law, the district court properly granted their motion.

Affirmed.

■

---

**3.** Wyo. Stat. Ann. § 26–11–107(b) (Michie 1997) states:

> The broker shall insure only in an insurer which meets the following requirements:
> (i) Is authorized to transact insurance of the kind involved in at least one (1) state of the United States and has unimpaired capital or surplus, or both, or an effective trust fund amounting to at least three million five hundred thousand dollars ($3,500,000.00)[.]