2001 WY 75

**Kurt PAVUK and Cory Pavuk,
Appellants (Plaintiffs),**

v.

**Ila ROGERS and John Doe Rogers, Wife
and Husband; Mary Ann Shaffer and
John Doe Shaffer, Wife and Husband,
Appellees (Defendants).**

No. 00–260.

Supreme Court of Wyoming.

Aug. 17, 2001.

James K. Lubing of James K. Lubing Law Office, Jackson, WY; and Robert L. Murray, Tucson, AZ, Representing Appellants.

David B. Hooper and Tom A. Glassberg of Hooper Law Offices, P.C., Riverton, WY, Representing Appellees.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE and VOIGT, JJ.

VOIGT, Justice.

[¶ 1] Kurt Pavuk (appellant), a social guest of the tenant, was injured when he fell down a stairway on premises leased from Ila Rogers and Mary Ann Shaffer (appellees). In the ensuing personal injury action, the district court granted summary judgment to appellees, citing common law landlord immunity. Appellant asks this Court to reject that common law immunity, thereby recognizing recent legislative intent to the contrary. Finding that summary judgment in favor of appellees was proper under the circumstances of this case, we affirm.

### ISSUES

[¶ 2] The only issue raised by appellant is whether this Court should abandon its adherence to the common law doctrine of landlord immunity for injuries to a tenant or third-party guest of the tenant.

### FACTS

[¶ 3] In December, 1996, appellant suffered severe injuries, resulting in paraplegia, when he fell down the outside back stairs of a townhouse owned by appellees and rented to appellant's acquaintance. Appellant brought the instant civil action on January 18, 2000,

alleging that appellees maintained the premises in a dangerous condition. The district court granted summary judgment to appellees, finding (1) there were no issues of material fact; (2) appellees had not retained control over the premises; (3) there were no latent defects; and (4) appellees were protected by common law landlord immunity from negligence claims brought by a social guest of their tenant.

## STANDARD OF REVIEW

[¶ 4] Summary judgment motions are determined under the following language from W.R.C.P. 56(c):

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Since the parties have not suggested any disagreement as to the material facts in this case, we "have only to determine whether the district court properly granted summary judgment as a matter of law." *Cooper v. Town of Pinedale*, 1 P.3d 1197, 1200 (Wyo. 2000).

## DISCUSSION

[¶ 5] In recent years, this Court has had several occasions to reiterate Wyoming's long-standing adherence to the common law doctrine of landlord immunity. Under that doctrine, landlords have no duty to tenants or to tenants' guests for the condition of the premises, with the following exceptions:

1. Undisclosed conditions known to lessor and unknown to the lessee which were hidden or latently dangerous and caused an injury. * * *

2. The premises were leased for public use and a member of the public was injured.

3. Part of the premises was retained under the lessor's control, but was open to the use of the lessee. * * *

4. Lessor had contracted to repair the premises. * * *

5. Negligence by lessor in making repairs.

*Taylor v. Schukei Family Trust ex rel. Schukei*, 996 P.2d 13, 16 (Wyo.2000). *See also Flores v. Simmons*, 999 P.2d 1310, 1312–13 (Wyo.2000); *Selby v. Conquistador Apartments, Ltd.*, 990 P.2d 491, 496 (Wyo.1999); and *Roberts v. Klinkosh*, 986 P.2d 153, 156 (Wyo.1999).

[¶ 6] While continuing to apply the common law rule, this Court has been cognizant of the fact that many states have abrogated landlord immunity in the face of changing times. Finding the social policies involved in such a decision to be a matter for the legislature, we declined judicially to follow suit. *Ortega v. Flaim*, 902 P.2d 199, 202–04 (Wyo. 1995). In that regard, in 1999 the legislature passed certain "residential rental property" statutes, the effect of which is to "alter the existing law which governs the landlord and tenant relationship." *Flores*, 999 P.2d at 1313 n. 1; Wyo. Stat. Ann. §§ 1–21–1201 through 1–21–1211 (LexisNexis 2001). Those statutes took effect on July 1, 1999.

[¶ 7] With the state of the law being relatively clear on this issue in Wyoming, one might wonder what room remains for appellant's arguments. He finds support for his position in two places. First, although we opined in *Ortega* that the issue was a legislative one, we also hinted that "a proper record and insightful analysis of whether conditions in Wyoming warrant a change" were lacking in that case. *Ortega*, 902 P.2d at 204. Second, appellant suggests that we should find clear legislative intent in the new legislation that landlords have a duty to maintain safe premises.

[¶ 8] We decline to take the path laid out for us by appellant. Leases are contractual in nature and are governed by contract law. *Wolin v. Walker*, 830 P.2d 429, 431 (Wyo.1992); *Automatic Gas Distributors, Inc. v. State Bank of Green River*, 817 P.2d 441, 442 (Wyo.1991). Contracts are written in light of existing law, including common law, and statutes ought not be applied retroactively so as to deprive contracting parties of their rights. *Application of*

*Hagood,* 356 P.2d 135, 138 (Wyo.1960); *Mull v. Wienbarg,* 66 Wyo. 410, 212 P.2d 380, 389 (1949). This is consistent with the constitutional mandate that no law shall be made impairing the obligation of contracts. Wyo. Const. art. 1, § 35. The effect of a retroactive judicial abrogation of landlord immunity could be drastic. Superimposition of a legal duty upon an existing landlord-tenant relationship would add to the landlord's burdens without a balancing increase in the benefits, and would deprive him of a fair opportunity to shoulder that additional burden.[1] Furthermore, by passage of the residential rental property statutes, the legislature has addressed the policies and factors mentioned in *Ortega.* We are not now inclined to duplicate that effort, both because we still consider it to be a legislative function and because we want to avoid the creation of potentially conflicting duties.

## CONCLUSION

[¶ 9] There were no issues of material fact and the district court correctly applied the existing law of the State of Wyoming in granting summary judgment to appellees. The common law doctrine of landlord immunity was in effect in 1996 when this incident occurred and we are not inclined to abrogate it retroactively. The decision of the district court is affirmed.

---

1. If a landlord knows he has an obligation to maintain the premises to some measurable standard, he can perform the necessary repairs and maintenance and charge sufficient rent to pay the costs. Likewise, if he knows he may be liable for negligence in that regard, he can obtain insurance covering the risk. These things cannot be done "after the fact."